Argued and submitted May 12, 1982, affirmed as modified July 27, 1983

In the Matter of the Compensation of
Hope A. Yeager, Claimant.

PACIFIC MOTOR TRUCKING COMPANY,
*Petitioner,*

*v.*

YEAGER,
*Respondent.*

(79-4381E; CA A23337)

666 P2d 1366

Jeffrey M. Batchelor, Portland, argued the cause for petitioner. With him on the brief were Edwin A. Harnden, and Spears, Lubersky, Campbell & Bledsoe, Portland.

Edward C. Olson, Portland, argued the cause for respondent. With him on the brief was Carney, Probst, Cornelius & Buckley, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

WARDEN, J.

## WARDEN, J.

Pacific Motor Trucking (PMT), a self-insured employer, petitions for review of an order of the Workers' Compensation Board affirming an order of a referee that affirmed two separate determination orders issued on the same date. One awarded claimant[1] permanent partial disability for 35 percent loss of use of the left leg and temporary total disability from March 2, 1976, through April 14, 1977, less time worked, for an injury to his left knee from an accident that occurred on November 1, 1974. The other awarded permanent total disability effective March 6, 1979, together with temporary total disability from April 15, 1977, through March 5, 1979, for injuries from an accident that occurred on April 15, 1977.

Exercising our *de novo* review function, *see Hoag v. Duraflake,* 37 Or App 103, 585 P2d 1149, *rev den* 284 Or 521 (1978); *Bowman v. Oregon Transfer Co.,* 33 Or App 241, 576 P2d 27 (1978), we find that claimant has proved by a preponderance of the evidence that he is totally and permanently disabled. Two physicians and one vocational rehabilitation consultant came to this conclusion. There was evidence that his non-compensable infirmities were longstanding and pre-dated his employment at PMT. An employer takes an employe as he finds him. *Hill v. SAIF,* 38 Or App 13, 588 P2d 1287 (1979). The opinions of Dr. Van Osdel and Dr. Means as to claimant's demeanor and motivation do not adequately refute the unequivocal opinions of other experts about the extent of his disability.

PMT also challenges the award, affirmed by the referee and the Board, of permanent partial disability, contending that claimant is not entitled to that in addition to the award of permanent total disability. Claimant argues that PMT waived its right to contest this award when it did not request a hearing on that determination order but only sought review of the one that awarded permanent total disability.[2]

---

[1] We use the term "claimant" to mean the injured worker, who is now deceased. His wife has been substituted as claimant. *See* ORS 656.208.

[2] Claimant quotes a colloquy at the hearing in which he claims that PMT waived objection to the permanent partial disability award, if the award of permanent total disability were upheld. As we read it, that language is just as reasonably interpreted as a waiver by the claimant rather than PMT of a challenge to the permanent partial disability award.

However, claimant requested a hearing on the permanent partial disability award. Because he did so, both awards were in issue before the referee. PMT appealed the referee's affirmance of both awards; therefore, the question of the permanent partial disability award was properly before the Board. Although the statute governing review of referees' orders specifically provides for appeals and cross-appeals, ORS 656.289(3), the statute governing requests for hearings on determination orders states only that "any party * * * may at any time request a hearing on any question concerning a claim." ORS 656.283(1). PMT is not barred from contesting the permanent partial disability award by its failure to request a hearing on the determination order.

■ Reaching the merits of the question whether awards for both permanent partial disability and permanent total disability may be made, we find ourselves constrained to examine what application, if any, ORS 656.222 has in this fact situation.[3] It provides:

> "Should a further accident occur to a worker who is receiving compensation for a temporary disability, or who has been paid or awarded compensation for a permanent disability, his award of compensation for such further accident shall be made with regard to the combined effect of his injuries and his past receipt of money for such disabilities."

We conclude that ORS 656.222 does not apply by its terms to this case, because at the time claimant's second accident occurred, in 1977, he had not been paid or awarded any compensation for permanent disability on account of his 1974 injury and the record does not show that he was receiving compensation for temporary disability when the second accident occurred either. Presumably he was not, because he had returned to work at that time.

■ The fact, however, that ORS 656.222 does not apply does not require us to conclude that claimant is entitled to recover simultaneous awards for both permanent total disability and permanent partial disability. Employer has directed us to 2 Larson, Workmen's Compensation Law, 10-507, § 59.41 (1982), and to *Cabe v. Skeens,* 422 SW2d 884

---

[3] Neither party has referred us to ORS 656.222 in their briefs or arguments, but its language suggests that it could be applicable.

(Ky 1967). Larson states that the injured worker is not entitled to simultaneous payments for more than one disability award and states the reasons for the rule:

> "There is both a theoretical and a practical reason for the holding that awards for successive or concurrent permanent injuries should not take the form of weekly payments higher than the weekly maxima for total disability. The theoretical reason is that, at a given moment in time, a man can be no more than totally disabled. The practical reason is that if he is allowed to draw weekly benefits simultaneously from a permanent total and a permanent partial award, it may be more profitable for him to be disabled than to be well—a situation which compensation law always studiously avoids in order to prevent inducement to malingering." 2 Larson, Workmen's Compensation Law 10-507, § 59.41 (1981). (Footnotes omitted.)

In *Cabe v. Skeens, supra,* the claimant injured his right ankle on November 10, 1964. He was off work until February 8, 1965. On July 26, 1965, he injured his left ankle and foot and was off work until October 11, 1965. He worked until November 1, 1965, when he was forced to quit working permanently because of silicosis. The employer did not dispute that the claimant had sustained some permanent partial disability to each ankle, that he was totally and permanently disabled from the silicosis and that the silicosis was compensable as an occupational disease. The three claims were consolidated for hearing (as were the two in the instant case). The court held that payments for the separate injuries could not be added together to run concurrently, when the combined payments would exceed the highest payment allowable, although it acknowledged that, if the compensation for the ankle disabilities had been fully paid before the permanent total disability payments commenced, the former would not be offset against the latter. *See also General Refractories Co. v. Herron,* 566 SW2d 433 (Ky 1978), and *Wilkosz v. Symington Gould Corp.,* 14 NY 2d 739, 250 NYS 2d 297, 199 NE2d 387 (1964).

We accept the reasoning of these authorities and hold that an injured worker who is receiving payments for permanent total disability is not entitled to separate, additional payments for permanent partial disability.

The order of the Board is modified to delete the award of permanent partial disability payments and, as modified, is affirmed.