Argued and submitted March 24, affirmed November 12, 1986, reconsideration denied
January 16, petition for review denied February 18, 1987 (302 Or 615)
Reconsideration granted; order denying review withdrawn, petition for review allowed
April 7, 1987 (303 Or 261)

In the Matter of the Compensation of
Earl H. Norby, Claimant.

NORBY,
*Petitioner,*

*v.*

SAIF CORPORATION et al,
*Respondents.*

(WCB 84-06365; CA A36929)

728 P2d 55

David C. Force, Eugene, argued the cause and filed the brief for petitioner.

Darrell E. Bewley, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Claimant seeks review of an order of the Workers' Compensation Board which reversed the referee and held that he is not entitled to an award of permanent partial disability in excess of that provided by a prior stipulation and that he is not entitled to reimbursement for his moving expenses. We affirm.

Claimant suffered compensable back injuries in 1981, 1982 and 1983. He apparently received no award of permanent partial disability until after the 1983 injury, when he received a stipulated award of 10 percent unscheduled permanent partial disability as a result of the 1982 injury only. The Board, in reviewing the extent of claimant's disability as a result of the 1983 injury, determined that claimant's total disability was minimal and that he had been adequately compensated for the 1983 injury by the 10 percent stipulated award.

Claimant argues that the Board erred in considering the stipulated award. ORS 656.222 provides:

"Should a further accident occur to a worker who is receiving compensation for a temporary disability, or who has been paid or awarded compensation for a permanent disability, the award of compensation for such further accident shall be made with regard to the combined effect of the injuries of the worker and past receipt of money for such disabilities."

At the time of the 1983 injury, claimant was not receiving temporary total disability and had not yet been paid an award of permanent partial disability. Although the stipulated award for the 1982 injury was not made until after the 1983 injury, it was an award of compensation that had been made before the closing of his claim for the 1983 injury. Claimant argues, however, that the Board could not consider the stipulated award in making an award for the 1983 injury, because that award was not made by determination order and because his 1983 injury did not occur while he was receiving or after he had been awarded compensation. Therefore, he contends that ORS 656.222 is not applicable and that he is entitled to an award for the 1983 injury that is based only on the increased

disability caused by that injury. ORS 656.214(5).[1]

■ ■   ORS 656.222 is not as clear as it might be, and we should attempt to apply it in the sense in which the legislature intended that it apply. We believe that it is intended to apply to a worker who suffers successive injuries and who "has been paid or awarded compensation for a permanent disability" before closure of his latest injury. In such a case, the compensation to which the worker is entitled must take into account "the combined effect of the injuries" and "the past receipt of money for such disabilities."[2] The Board made its determination in that manner and concluded that the combined effect of claimant's injuries was a minimal impairment of earning capacity, for which he was entitled to an award of 10 percent unscheduled disability. Because he had already been awarded that amount, he was not entitled to additional compensation.

After the 1983 injury, claimant was unable to return to his former employment and received vocational assistance in the form of direct employment services. He received an offer of employment from his brother in Seattle, which he accepted. His request for reimbursement for his moving expenses was denied by SAIF. At the time of the hearing, OAR 436-61-161(2)(e)[3] provided, in part:

> "*Moving Expenses.* Reimbursement requires that the worker has obtained employment outside commuting distance * * *. In determining the necessity of reimbursing moving

---

[1] ORS 656.214(5) provides:

"In all cases of injury resulting in permanent partial disability, other than those described in subsections (2) and (4) of this section, the criteria for rating of disability shall be the permanent loss of earning capacity due to the compensable injury. Earning capacity is the ability to obtain and hold gainful employment in the broad field of general occupations, taking into consideration such factors as age, education, training, skills and work experience. The number of degrees of disability shall be a maximum of 320 degrees determined by the extent of the disability compared to the worker before such injury and without such disability. For the purpose of this subsection, the value of each degree of disability is $100."

Claimant contends only that the Board misapplied the statute and not that, if it applied the statute correctly, he is entitled to a greater disability award.

[2] *But see Pacific Motor Trucking Co. v. Yeager,* 64 Or App 28, 666 P2d 1366 (1983), in which we indicated *in dictum,* that the statute does not apply unless, at the time of the most recent injury, the claimant had been paid or awarded compensation on account of the earlier injury.

[3] OAR 436-61-161 was amended and renumbered on May 1, 1985, as OAR 436-120-150.

expenses, the vocational assistance server shall consider the possible availability of employment which does not require moving, or which requires less than the proposed moving distance."

OAR 436-61-161(1) provided, in part:

"A direct worker purchase requires a determination by the vocational assistance server that the purchase is necessary, and requires prior approval by the server."

■     SAIF does not dispute that claimant's moving expenses are of the type which would be reimbursable under OAR 436-61-161 as a direct worker purchase. As SAIF asserts, however, the record does not establish that claimant sought approval of the expenses prior to the move. The denial is therefore affirmed.

Affirmed.