Argued and submitted June 2, reversed and remanded to Court of Appeals for *de novo* review June 30, 1987
See 88 Or App 34 (1987)

In the Matter of the Compensation of
Earl H. Norby, Claimant.

## NORBY,
*Petitioner on Review,*

*v.*

## SAIF CORPORATION et al,
*Respondents on Review.*

(WCB 84-06365; CA A36929; SC S33507)

738 P2d 974

David C. Force, Eugene, filed the petition and argued the cause for Petitioner on Review.

Darrell E. Bewley, Assistant Attorney General, argued the cause and filed a response for Respondents on Review. With him on the response were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

PER CURIAM

## PER CURIAM

Claimant petitioned this court to review a decision of the Court of Appeals which affirmed an order of the Workers' Compensation Board denying his claim for permanent partial disability benefits beyond a stipulated award for a prior injury. The Workers Compensation Board made that decision on the facts, reversing a contrary decision of the referee, but the Court of Appeals rested its affirmance of the Board's order on its interpretation of a statute, ORS 656.222. *Norby v. SAIF,* 82 Or App 157, 728 P2d 55 (1986). Because it appears that the Court of Appeals may have misapplied ORS 656.222, we reverse its decision and remand the case to that court for judicial review without reference to the statute.

Claimant first injured his back in December 1981, returning to work after a few weeks. He reinjured his back in August 1982, and again returned to his regular work as a pressline operator in a rubber mill, although he continued to experience low back symptoms. After a third injury in November 1983, claimant's treating physician released him for modified work, but claimant was unable to perform it.

The present order followed and relates to claimant's third injury. The referee granted an award of 35 percent (112 degrees) of unscheduled permanent disability benefits based on claimant's loss of earning capacity, plus attorney fees and $600 in moving expenses. SAIF sought review of that award on grounds that it was excessive and that claimant was not entitled to the moving expenses.

The Board's order recites:

> "While this November 1983 injury claim was in open status and claimant was undergoing treatment, the parties entered into a stipulation in connection with the August 1982 injury claim, whereby claimant was awarded 32° (10%) unscheduled disability for that injury to claimant's low back. This stipulation does not appear in the record as an exhibit but apparently was executed in April of 1984."

After reviewing the evidence, the order continued:

> "We are required to award permanent disability which is due to this November 1983 industrial injury. ORS 656.214(5). We are also required, however, in determining an appropriate award for this injury, to take into consideration claimant's

previous injuries and 'his past receipt of money for such disabilities.' ORS 656.222. The Referee considered the latter statutory provision, although it is unclear exactly what effect he thought the stipulated award of 10% unscheduled disability should have in determining claimant's possible entitlement to an additional unscheduled award. A significant factor which he did take into account is the fact that after claimant's two prior injuries, he was able to continue his employment, but after his third injury he was medically advised to discontinue this line of work and, in fact, found it necessary to do so.

"* * * * *

"In this case claimant received no permanent disability in connection with the December 1981 back injury, and apparently none was awarded upon closure of the August 1982 claim. However, claimant eventually received the aforementioned 10% unscheduled award in connection with the August 1982 injury, but the stipulated award was made based upon facts and circumstances existing after claimant had already sustained his November 1983 reaggravation (i.e. facts and circumstances existing at the time of the stipulated award). This is a potentially complicating factor not present in any of the cases discussing proper application of ORS 656.222."

The Board concluded that "[c]onsidering the permanent impairment resulting from all three industrial injuries," claimant had demonstrated "no more than impairment of a very minimal degree," which entitled him to no unscheduled award beyond 10 percent (32 degrees). Because claimant had received such an award in the claim made after the 1982 injury, the Board concluded that he was not entitled to a further award. The Board also denied the moving expenses.

In the Court of Appeals, claimant relied on his "permanent loss of earning capacity due to the compensable injury." He faulted the Board for considering impairment of function and asked the court on *de novo* review to reinstate the referee's finding as to loss of earning capacity. SAIF Corporation's brief defended the Board's order on the evidentiary record.

The Court of Appeals, however, seems to have concluded that an award following the third injury was barred by ORS 656.222. This section provides:

"Should a further accident occur to a worker who is receiving compensation for a temporary disability, or who has been

paid or awarded compensation for a permanent disability, the award of compensation for such further accident shall be made with regard to the combined effect of the injuries of the worker and past receipt of money for such disabilities."

The court believed that the section applied because the stipulated award of 10 percent unscheduled disability mentioned in the order had been made before closure of claimant's claim for the 1983 (third) injury.

Before this court, both claimant and SAIF Corporation agree that ORS 656.222 does not apply to this case. In answer to questions submitted by this court, SAIF Corporation observes that from the inception of the Workers' Compensation Act this section had been directed at double payments, not at successive determinations of disability. *See* Or Laws 1913, ch 112, §§ 21(f) & 21(h); *Green v. State Ind. Acc. Com.,* 197 Or 160, 251 P2d 437 (1952).

We agree that ORS 656.222 does not prohibit a determination of the extent of claimant's permanent disability after the last injury merely because a 10 percent permanent disability was established in consequence of the second claim. The statute only prescribes that any payments made or compensation for permanent disability awarded shall be counted in an award for a later accident.

After quoting the command of ORS 656.222 to take into account "the combined effect of the injuries" and the "past receipt of money for such disabilities," the Court of Appeals stated that

"[t]he Board made its determination in that manner and concluded that the combined effect of claimant's injuries was a minimal impairment of earning capacity, for which he was entitled to an award of 10 percent unscheduled disability."

82 Or App at 160. There is no indication in the opinion whether the court reviewed this determination *de novo* and agreed with it; rather, the opinion implies that the court affirmed the Board as a matter of law under ORS 656.222. Perhaps we and the parties only misunderstand the opinion. But because that view of the law would be erroneous, we reverse the decision of the Court of Appeals and remand the case to that court for *de novo* review of the degree or extent of claimant's permanent disability.