Submitted on remand from the Oregon Supreme Court June 30, affirmed
October 21, 1987

In the Matter of the Compensation of
Earl H. Norby, Claimant.

## NORBY,
*Petitioner,*

*v.*

## SAIF CORPORATION et al,
*Respondents.*

(WCB 84-06365; CA A36929)

744 P2d 267

David C. Force, Eugene, for petitioner.

Darrell E. Bewley, Assistant Attorney General, Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem, for respondents.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

This case is on remand from the Supreme Court for a determination of claimant's disability resulting from a compensable back injury. The question raised by claimant on our initial review was whether the Board had properly considered the fact that he had already received a 10 percent award for an earlier back injury in determining that he had been adequately compensated for disability related to his back and was not entitled to an additional award of permanent partial disability after the most recent injury. We held that it had. 82 Or App 157, 160, 728 P2d 55 (1986). The Supreme Court correctly understood our opinion as having dealt with that legal question only, not as having reevaluated the extent of claimant's disability. 303 Or 536, 738 P2d 974 (1987).

On remand, we review the question of extent of disability *de novo*. We have considered the medical evidence and conclude that claimant is not entitled to an additional award for permanent partial disability. Dr. Carlstrom, claimant's chiropractor, believed that the entire disability resulting from the successive back injuries that he has suffered is mild to moderate. Drs. Degge and Fry conclude that the back condition with respect to the most recent injury has resolved and that he suffers no permanent disability. Fry, an orthopedist, notes that claimant's height makes him susceptible to back pain and, for that reason, recommends that he change to a less strenuous employment. Degge, an orthopedic surgeon, believes that the fact that claimant has an extra lumbar vertebra makes him susceptible to back strain; he also recommends a job change. Neither Fry nor Degge believes that the most recent injury resulted in permanent disability. We conclude that the most persuasive medical evidence shows that claimant is not entitled to an additional award of permanent partial disability.

Affirmed.