Argued and submitted January 15, affirmed April 20, reconsideration denied June 10, petition for review denied June 28, 1988 (306 Or 155)

In the Matter of the Compensation of
Barton M. Grover, Claimant.

EBI COMPANIES et al,
*Petitioners,*

*v.*

GROVER et al,
*Respondents.*

(WCB 85-14800, WCB 82-04073; CA A43932)

752 P2d 1274

Richard Wm. Davis, Portland, argued the cause for petitioners. With him on the brief was Davis, Bostwick, Scheminske & Lyons, Portland.

James L. Edmunson, Eugene, argued the cause for respondent Barton M. Grover. With him on the brief were Karen M. Werner and Malagon & Moore, Eugene.

Darrell E. Beweley, Salem, argued the cause for respondent SAIF Corporation. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, *Judges.*

WARREN, J.

**WARREN, J.**

G & S Masonry and EBI Companies (EBI) seek review of a decision by the Workers' Compensation Board (Board) which awarded claimant permanent total disability and found EBI responsible.

Claimant was employed in a variety of capacities in the masonry business for approximately 39 years. At all times relevant to this proceeding he was self-employed. Workers' compensation insurance was provided first by EBI and then by SAIF. In January, 1979, claimant was diagnosed as having degenerative osteoarthritis in both knees. The condition was work related, and EBI accepted and paid the claim. He was awarded 10 percent scheduled permanent partial disability for each knee. His treating physician, Dr. Holbert, predicted that the condition would progressively get worse and eventually require surgery.

In December, 1980, claimant injured his back on the job while insured by SAIF. In 1982, he had back surgery and was awarded an additional 25 percent unscheduled permanent partial disability. He appealed the award, claiming that he was entitled to permanent total disability. In 1984, he was found to be suffering from a noncompensable shoulder condition. Between 1982 and 1984, while the back appeal was pending, he had surgery on both knees. His 1979 knee claim was reopened for aggravation and closed by a determination order in November, 1985. His previous knee injury awards were increased to 40 percent scheduled permanent partial disability for his left knee and 45 percent for his right knee. He again appealed the determination order, contending that he was entitled to permanent total disability.

The two appeals were consolidated. The referee found claimant to be permanently and totally disabled and assigned full responsibility to SAIF. SAIF appealed. The Board affirmed the finding of permanent total disability but shifted responsibility to EBI. On *de novo* review, we affirm the finding of permanent total disability and turn to the issue of responsibility.

Claimant's injuries occurred over a number of years, and each materially contributed to his overall disability. The most recent injury that bears a causal relation to claimant's

total disability is the aggravation of the knee conditions. EBI was responsible for the first knee injury, and it was the aggravation of that injury that last contributed to the disability. *See Smith v. Ed's Pancake House,* 27 Or App 361, 556 P2d 158 (1976). EBI is the responsible carrier.

Affirmed.