Argued and submitted July 9, 1997, reversed February 11, 1998

In the Matter of the Compensation of
Morris B. Grover, Claimant.

SAIF CORPORATION
and G & S Masonry,
*Petitioners,*

*v.*

Morris B. GROVER,
*Respondent.*

(Agency No. 96-0403M; CA A95722)

954 P2d 820

Michael O. Whitty argued the cause and filed the brief for petitioners.

Dale C. Johnson argued the cause for respondent. With him on the brief was Malagon, Moore, Johnson & Jensen.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

SAIF seeks review of an own-motion order of the Workers' Compensation Board. *See* ORS 656.278(1)(a). In that order, the Board concluded that claimant was entitled to temporary total disability (TTD) benefits from SAIF for the time in which he was hospitalized for back surgery, even though at that time he was receiving permanent total disability (PTD) benefits from another carrier. We conclude that a worker who is permanently totally disabled and receiving payments for that disability cannot at the same time be temporarily totally disabled. Accordingly, we reverse the Board's order.

Before he became disabled, claimant was self-employed as a mason.[1] In 1988, he began receiving PTD benefits when the Board determined that a combination of knee and back injuries so incapacitated him that he could not regularly perform work at a gainful and suitable occupation. ORS 656.206(1)(a). Claimant's knee injuries first had been accepted as compensable by EBI Companies in 1979, and claimant received an award of 10 percent permanent partial disability for those injuries. In 1980, claimant injured his back and, in 1982, submitted a claim to SAIF, the current insurer. SAIF accepted the claim and claimant was awarded an additional 25 percent permanent partial disability. Claimant appealed that award, contending that he was entitled to permanent total disability. Between 1982 and 1984, while his appeal on the back injury claim was pending, claimant had knee surgery. The claim with EBI for claimant's knee injuries was reopened, and the permanent partial disability award for his knees was raised to 40 percent for the right knee and 45 percent for the left. Claimant appealed that ruling as well, again contending that he was entitled to permanent total disability. The appeals were consolidated and, after a review by this court, claimant was awarded PTD. In that opinion, we stated:

---

[1] The facts and timing of claimant's injuries leading to his PTD status are found in *EBI Companies v. Grover*, 90 Or App 524, 526, 752 P2d 1274, *rev den* 306 Or 155 (1988).

"Claimant's injuries occurred over a number of years, *and each materially contributed to his overall disability*. The most recent injury that bears a causal relation to claimant's total disability is the aggravation of the knee conditions. EBI was responsible for the first knee injury, and it was the aggravation of that injury that last contributed to the disability. * * * EBI is the responsible carrier."

*EBI Companies v. Grover*, 90 Or App 524, 526, 752 P2d 1274, *rev den* 306 Or 155 (1988) (citation omitted; emphasis supplied).

In 1996, claimant was hospitalized for back surgery at three spinal vertebrae levels; he submitted a claim to SAIF for that surgery. SAIF issued a partial denial in which it agreed to pay the medical expenses only for the treatment at one level.[2] Claimant also submitted a claim for TTD, to be paid by SAIF, for the time spent in surgery and recovery. SAIF submitted a "Carrier's Own Motion Recommendation" to the Board, in which it recommended that TTD be denied because claimant was already receiving PTD. The Board concluded that claimant was "in the work force" at the time of his hospitalization and, therefore, was entitled to TTD. The Board did not address the seeming inconsistency of declaring an individual both permanently and temporarily disabled at the same moment in time, but it did recognize that to do so would allow a claimant to receive a double recovery. For that reason, the Board recommended that SAIF petition the Workers' Compensation Division for a *pro rata* distribution of payments. When SAIF petitioned the Division for relief, however, the Division ruled that, although there was a rule allowing for such a distribution between two TTD awards, there was no comparable rule authorizing a distribution between a PTD award and a TTD award. SAIF then sought review of the Board's own-motion order.

In *Gwynn v. SAIF*, 304 Or 345, 745 P2d 775 (1987), the Supreme Court attempted to provide a clear description of the meaning of temporary, permanent, partial and total disability:

---

[2] Claimant did not appeal the partial denial, and we do not address it.

> "[T]he adjectives 'permanent' and 'temporary' describe duration, not the extent, of disability. 'Partial' and 'total' describe extent. It follows that if a worker meets the test of being totally disabled but that it cannot be said that the disability is permanent, that worker is temporarily totally disabled.
>
> "If a worker is permanently disabled but not to the extent of being totally disabled, as the statute defines total disability, that worker must be permanently partially disabled. The fact that the worker is not totally disabled excludes the worker from the class of those permanently totally disabled, and either the fact that the disability is permanent or that it is not total excludes the worker from the class of those temporarily totally disabled.
>
> "To be a bit redundant but to emphasize a point, one who is only temporarily disabled cannot fall into either class of permanent disability."

*Gwynn,* 304 Or at 351. What was left unsaid by the court in *Gwynn,* but which must follow, is that one who has been determined to suffer from permanent total disability *cannot,* by force of logic, be *temporarily* totally disabled as well.

■ Claimant argues that he is entitled to benefits under both categories, because two different insurers are involved. He contends that, although EBI is responsible for the permanent disability benefits, SAIF has an independent responsibility to pay temporary disability benefits for the time that he spent in the hospital for treatment of the back injury previously accepted by SAIF. That argument is not well taken. Once the Board determined that claimant was permanently and totally disabled, claimant was entitled to full wage-replacement benefits under ORS 656.206(2). Temporary total disability benefits are also wage-replacement benefits. Nothing in the relevant statutes suggests that a person who is receiving permanent and total wage replacement is entitled to receive additional wage-replacement benefits.

We find further support for our conclusion that PTD and TTD are mutually exclusive benefit categories in the fact that the legislature has recognized situations in which overlap of disability benefits may occur and has provided offset mechanisms to ensure against double recovery. *See, e.g.,* ORS

656.209 (allows for reduction of PTD benefits by amount of federal social security disability benefits); *see also* OAR 436-060-0020(8) (allows for *pro rata* distribution of compensation due for two or more concurrent TTD claims). There is no offset provision for a PTD/TTD overlap, either statutory or regulatory, presumably because such an overlap is not logically possible.

Reversed.