GARRETT, J.
*118 Claimant seeks reversal of an order of the Workers' Compensation Board concluding that he was not entitled to permanent total disability compensation under ORS 656.206(2) (2013)[1] for a certain period of time during which he also received temporary disability compensation under ORS 656.268(10). On review, claimant asserts four assignments of error. We reject the first, third, and fourth assignments without discussion and write only to address the second, in which claimant challenges the board's determination of the date when claimant's disability became permanent. Reviewing the board's order for substantial evidence, substantial reason, and legal error, Luton v. Willamette Valley Rehabilitation Center , 272 Or. App. 487, 490, 356 P.3d 150 (2015), we affirm.
The relevant facts are undisputed. Claimant became compensably injured in 2008. His claim was accepted by SAIF and closed in April 2011.[2] SAIF then approved an authorized training program and reopened the claim on June 9, 2011. Upon claimant's enrollment in training, SAIF began paying claimant temporary disability compensation in accordance with ORS 656.268(10).[3]
*25 Claimant's injury eventually worsened, and his training was put "on hold." On October 23, 2012, one of claimant's doctors, Dr. Baum, determined that claimant had become "totally disabled," and advised against claimant's *119 return to training. Although claimant was no longer actively attending training, SAIF kept claimant enrolled in training and did not close his claim. SAIF continued paying temporary disability compensation under ORS 656.268(10).
Fourteen months later, in December 2013, Baum determined that claimant's accepted conditions were "medically stationary" as of October 23, 2012. SAIF terminated training on December 19, 2013, and closed the claim on December 23, 2013. In its notice of closure, SAIF awarded claimant temporary disability compensation for the period from June 9, 2011 through October 23, 2012, and permanent total disability compensation for the period beginning October 24, 2012. In January 2014, SAIF paid claimant a lump sum representing back payments for his permanent total disability beginning October 24, 2012. However, because SAIF had already paid claimant temporary disability compensation under ORS 656.268(10) since that date, SAIF claimed an overpayment of those benefits.
Claimant objected to SAIF's claimed overpayment and requested review by the Appellate Review Unit (ARU) of the Department of Consumer and Business Services, arguing that he was entitled to both temporary disability compensation and permanent total disability compensation from October 24, 2012 through December 23, 2013. In response, SAIF[4] asserted that it was permitted to recover the overpayment because, under Gwynn v. SAIF , 304 Or. 345, 351, 745 P.2d 775 (1987), and SAIF v. Grover , 152 Or. App. 476, 480, 954 P.2d 820 (1998), a worker cannot be both "permanently" and "temporarily" disabled at the same time. The ARU ruled in SAIF's favor. An administrative law judge (ALJ) reversed, ruling that claimant was entitled to temporary disability compensation from before October 24, 2012 through December 19, 2013, and that SAIF was also prohibited from recovering any overpayment of permanent total disability compensation already paid to claimant.
SAIF appealed to the board, which reversed the ALJ. The board agreed with SAIF that claimant could not receive both permanent and temporary disability benefits *120 for the same period. In its written order, the board dealt with the overlap by affirming claimant's entitlement under ORS 656.268(10) to temporary disability compensation through December 23, 2013, and retroactively changing the date at which claimant became entitled to permanent total disability benefits to the following day, December 24, 2013 (approximately 14 months later than the October 24, 2012, date reflected in SAIF's notice of closure). The board explained that
"the determination that claimant was entitled to temporary disability through December 23, 2013 necessarily includes the determination that claimant's disability during that period was 'only temporary.' See ORS 656.210(1). Because claimant's disability was 'only temporary' in duration through December 23, 2013, he was not 'permanently' totally disabled until December 24, 2013. See Gwynn , 304 Or. at 351 [745 P.2d 775] ; Grover , 152 Or. App. at 480, 954 P.2d 820.
"* * * * *
"Here, despite Dr. Baum's medical opinion that claimant's total disability was permanent before December 24, 2013, claimant's disability was, under ORS 656.268(10) and OAR 436-060-0040(4), 'temporary' before that date. However, when SAIF issued the December 23, 2013 Notice of Closure, claimant's total disability ceased to be 'temporary,' and became 'permanent.' Accordingly, we conclude that the 'effective date' for claimant's entitlement to PTD benefits began December 24, 2013."
*26 The board permitted SAIF to recover "any overpaid [permanent total disability] benefits for the period before December 24, 2013."
Claimant seeks review of that order, renewing his argument that he is entitled to both temporary and permanent total disability compensation from October 24, 2012 through December 23, 2013. Claimant specifically challenges the board's conclusion that his disability did not become "permanent" until December 23, 2013, asserting that the board failed to follow the proper legal standard for determining whether he was permanently and totally disabled. According to claimant, because the medical evidence by Baum established that claimant was permanently and totally disabled as of October 23, 2012, claimant was *121 entitled to permanent total disability compensation under ORS 656.206(2) since that date, and he was also entitled to temporary disability compensation under ORS 656.268(10) because of his continued enrollment in training.
SAIF responds that, even if claimant "technically had met the elements of" permanent total disability before December 24, 2013, the board was nevertheless correct to allow SAIF to recover the overpayment because, as a matter of law, a worker can be entitled to only one type of disability compensation at a time. See, e.g. , Gwynn , 304 Or. at 351, 745 P.2d 775 ; Grover , 152 Or. App. at 480, 954 P.2d 820. SAIF does not challenge the board's conclusion that claimant was entitled to temporary disability compensation through December 23, 2013; rather, SAIF reasons that claimant's entitlement to that compensation legally precludes his entitlement to permanent total disability compensation until December 24, 2013.
We agree with SAIF that claimant may not receive both temporary and permanent total disability compensation for the same period. Generally, the workers' compensation law allows disabled workers to receive set amounts of compensation benefits that cannot be exceeded. See, e.g. , ORS 656.206(2) ( "When permanent total disability results from the injury, the worker shall receive during the period of that disability compensation benefits equal to 66-2/3 percent of wages * * *."); ORS 656.210(1) ("When the total disability is only temporary, the worker shall receive during the period of that total disability compensation equal to 66-2/3 percent of wages * * *."); Pacific Motor Trucking Co. v. Yeager , 64 Or. App. 28, 32, 666 P.2d 1366 (1983) (explaining "theoretical" and "practical" reasons for why "successive or concurrent permanent injuries should not take the form of weekly payments higher than the weekly maxima for total disability," and relying on those reasons to hold that "an injured worker who is receiving payments for permanent total disability is not entitled to separate, additional payments for permanent partial disability" (quoting 2 Larson, Workmen's Compensation Law 10-507, § 59.41 (1981) ) );[5] see also, e.g. , *122 OAR 436-060-0020(7) (providing for pro rata distribution of temporary disability compensation when two or more insurers are making concurrent payments). Those rules derive from the long-standing principle in Oregon that a worker cannot, logically, be both permanently totally disabled and temporarily totally disabled at the same time. See Gwynn , 304 Or. at 351, 745 P.2d 775 ("[O]ne who is only temporarily disabled cannot fall into either class of permanent disability."); Grover , 152 Or. App. at 480, 954 P.2d 820 (quoting Gwynn , and adding that "one who has been determined to suffer from permanent total disability cannot , by force of logic, be temporarily totally disabled as well" (emphases in original) ).
Under ORS 656.206(2), a worker who is permanently and totally disabled "shall receive during the period of that disability compensation benefits equal to 66-2/3 percent of wages." Accordingly, if a worker is already receiving permanent total disability compensation, he would not be able to receive additional temporary disability compensation, or else his compensation would exceed *27 66-2/3 percent of wages. Similarly, and for the same reason, a worker who is already receiving temporary disability compensation under ORS 656.268(10) may not receive additional permanent total disability compensation under ORS 656.206(2).[6]
SAIF does not argue on appeal that it should recover temporary disability compensation as overpayment, and neither party challenges the board's conclusion that claimant was entitled to temporary disability compensation through *123 December 23, 2013; therefore, we decline to consider whether any of claimant's temporary disability compensation was an overpayment. Accepting, without necessarily agreeing with, that determination by the board, it follows that claimant was not entitled to permanent total disability benefits before December 24, 2013. See ORS 656.206(2). Accordingly, we affirm the board's order allowing SAIF's recovery of permanent total disability compensation paid to claimant before December 24, 2013.
Affirmed.

ORS 656.206(2) has subsequently been amended. See Or. Laws 2017, ch. 70, § 1. All further references to ORS 656.206 in this opinion are to the 2013 version of the statute.

We affirmed that closure in Kiltow v. SAIF , 271 Or. App. 471, 351 P.3d 786 (2015). The issues in that case are not before us on review in this case.

ORS 656.268(10) provides, in relevant part:
"If, after the notice of closure issued pursuant to this section, the worker becomes enrolled and actively engaged in training according to rules adopted pursuant to ORS 656.340 and 656.726, any permanent disability payments due for work disability under the closure shall be suspended, and the worker shall receive temporary disability compensation and any permanent disability payments due for impairment while the worker is enrolled and actively engaged in the training."
As we will explain, although the statute refers to a worker receiving temporary disability compensation and permanent disability payments at the same time, it does not contemplate a worker receiving both temporary and permanent total disability compensation.

For the remainder of this opinion, all references to SAIF also include respondent Portland Disposal & Recycling, Inc.

The "theoretical" reason is that, "at a given moment in time, a man can be no more than totally disabled"; the "practical" reason is that, "if the worker is allowed to draw weekly benefits simultaneously from a permanent total and a permanent partial award, it may be more profitable for him or her to be disabled than to be well-a situation which compensation law studiously avoids in order to prevent inducement to malingering." Arthur Larson & Lex K. Larson, Larson's Workers' Compensation Law § 92.01[1], 92-2 (2008); see also Pacific Motor Trucking Co ., 64 Or. App. at 32, 666 P.2d 1366.

Claimant argues that, in 2003, the legislature amended ORS 656.268(10) to allow workers to receive both temporary and permanent total disability benefits simultaneously. It is true that, after the 2003 amendment, what is now ORS 656.268(10) provided that workers enrolled and actively engaged in training shall receive "temporary disability compensation and any permanent disability payments due for impairment." Or. Laws 2003, ch. 657, § 7. However, permanent disability compensation "due for impairment" is a form of permanent partial disability compensation. See ORS 656.214(1)(a). ORS 656.268(10) is, meanwhile, silent regarding permanent total disability, and nothing else in the statute appears to abrogate the legal-and logical-principle that workers who are permanently totally disabled cannot also be temporarily disabled. We thus reject claimant's argument.