Argued and submitted September 28, reversed and remanded October 31, 1984

MASCORRO,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(83-AB-1575; CA A29655)

689 P2d 1326

Marilyn Lindgren, Oregon Legal Services Corporation, Hillsboro, argued the cause and filed the briefs for petitioner.

Jeffrey Bennett, Assistant Attorney General, Salem, argued the cause for respondent Employment Division. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

No appearance for respondent Tektronix, Inc.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

In this unemployment compensation case claimant seeks review of an Employment Appeals Board decision denying him unemployment benefits on the ground that he voluntarily left work without good cause and, therefore, was disqualified from receiving benefits under ORS 657.176(2)(c). EAB reversed a referee's decision that found claimant was not disqualified from receiving benefits. We reverse and remand EAB's decision, because we find that the fairness of the hearing was impaired by the lack of a qualified interpreter.

Claimant had worked as a custodian at Tektronix for 10 years. Apparently because he felt harassed by his immediate supervisor and felt overworked, claimant sought employment as an apartment manager, together with his wife. Believing he had a definite job offer, he resigned from Tektronix. For reasons beyond his control, claimant was not hired for that job.

■ The Assistant Director for Employment found that claimant voluntarily left work without good cause and, therefore, denied him unemployment benefits. Claimant requested a hearing. The referee found that he had good cause to quit for two reasons: first, he believed he had another job; and, second, he had unsuccessfully attempted to resolve a personality conflict with his immediate supervisor. Thus, the referee concluded that claimant had no reasonable alternative but to leave Tektronix. EAB reversed. It concluded that, because claimant did not have a definite job offer and because he had not applied for a transfer, he did not have good cause to leave work. Claimant was not represented by counsel before the referee or EAB. Once he received the adverse decision from EAB, he retained counsel, who sought reconsideration of EAB's decision, which was denied.[1] This petition for review

---

[1] The Employment Division argues that the petition for judicial review was not timely, because it was filed more than 30 days after EAB's decision, ORS 657.282, and that claimant's request for reconsideration did not toll the time period because that request was not timely under *former* OAR 471-41-040 (*repealed* March 21, 1984). This argument ignores ORS 657.290(3), which allows EAB to reconsider a decision on application of a party and the fact that claimant's first request for reconsideration was made within 30 days of the date of EAB's decision. We hold that the filing of the request within the 30-day period tolled the statute, and claimant then had 30 days from the date of its denial in which to file his petition for judicial review. To hold otherwise would be to render ORS 657.290(3) largely ineffectual. The petition for judicial review was timely.

followed.

ORS 183.418(3)(a) defines a "handicapped person" as "a person who cannot readily understand or communicate the English language." ORS 183.418(1) provides that a handicapped person who is a party in a contested case "is entitled to a qualified interpreter" for the benefit of both the handicapped person and the agency. In *Meyer v. Employment Division,* 51 Or App 563, 567, 626 P2d 400 (1981), we held that ORS 183.418 "provides in mandatory terms that an interpreter *shall be appointed by the agency* when a handicapped person is a party to a contested case." (Emphasis in original.) Only if the handicapped person knowingly and voluntarily files a written waiver is the Employment Division excused from appointing a qualified interpreter. ORS 183.418(2)(b).

■ Claimant argues, and we hold, that he is a handicapped person as defined in ORS 183.418(3)(a). At the beginning of the hearing the referee asked him the following questions:

"Q  Now I want to get something on the record. Do you have any trouble reading or writing the English language?

"A  Writing, my spelling is not so good.

"Q  Okay, but can you write?

"A  I can read.

"Q  How about understanding me.

"A  — I understand.

"Q  You understand.

"A  Yes.

"Q  Before the hearing you said you have a little trouble articulating or expressing yourself.

"A  Yes, (unintelligible).

"Q  Okay. So in this case you're going to have your wife help you if you need her.

"A  Yes."

The record shows that claimant had more than "a little trouble" expressing himself. For instance, his statements are transcribed as "unintelligible" over 20 times throughout the 16 pages of his testimony. Additionally, his responses to the referee's questions indicate that claimant was unable to

express himself in English.[2] The record permits the inference, however, that he is proficient in another language.

■ The substantive issue in this case is whether claimant had good cause to leave his employment. Claimant expressed two reasons for leaving work. He thought he had an offer of a better job, and he believed that he was being harassed by his immediate supervisor and, when he complained about the matter, it was not resolved. Both of these reasons are potentially valid reasons for leaving a job. *See* OAR 471-30-038(4) and *Meyer v. Employment Division, supra,* 51 Or App at 568. What we said in *Meyer* applies here:

> "If [claimant's] general explanation for leaving his job, which is discernible from the record, at least *might* have supported a finding of good cause for leaving, the *particulars of that story are required for a fair determination by the hearings officer initially, and by the EAB and this court on review.* [Claimant] was impeded from giving the particulars of that story because of his inability to communicate. [Claimant] was not prevented by his communication problems from giving *any* account of his reasons for leaving his job, but he was prevented from giving a complete account and that may have resulted in a different outcome than would otherwise have occurred." 51 Or App at 568. (Emphasis supplied.)

■ Here the referee found that claimant had good cause to leave his work. When EAB reversed, it reviewed the same transcript that we have. On the basis of that transcript, EAB found that claimant did not have good cause to leave work. ORS 183.482(7) requires this court to remand a case if we find "that either the fairness of the proceeding or the correctness of the action may have been impaired by a material error in procedure." We conclude that the fairness of the proceeding and the correctness of the agency action *were* impaired by the Employment Division's failure to appoint a qualified interpreter. Claimant could not readily communicate in English. He is entitled to a new hearing with a qualified interpreter appointed.[3]

---

[2] For example, claimant's answer to the question about the reasons why he left work was, "Well, it was equal (unintelligible) for quitting because - because the last job, I was - it was ten year - it was good - good for me, for - it was more money - more better job for me." Claimant's answer to the question of whether he was overworked and the cause of the over-work was, "Sometime when was Tektronix second quarter kind that they, I mean, recession, you know, economy."

[3] Because of this disposition, we do not reach the merits of the case.

Reversed and remanded with instructions to conduct a new hearing with a qualified interpreter.