On respondent Fisher's motion to dismiss filed December 20, 1988, motion to dismiss denied; judicial review dismissed on the court's own motion January 24, 1990

In the Matter of the Compensation of
Carol A. Fisher, Claimant.

SAIF CORPORATION et al,
*Petitioners,*

*v.*

FISHER et al,
*Respondents.*

(87-12543, 87-15218; CA A48762)

785 P2d 1082

Robert K. Udziela, and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland, for respondent Fisher.

No other appearances on motion.

Before Rossman, Presiding Judge, and Newman and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Claimant has moved to dismiss SAIF's petition for judicial review as untimely. She argues that SAIF was required and failed to file an amended petition for judicial review. We deny claimant's motion but dismiss on our own motion, because there is no final order from which SAIF can seek review.

On May 18, 1988, the Workers' Compensation Board issued an order reversing the referee and determining that claimant's condition was compensable. On June 9, 1989, SAIF filed with the Board a "REQUEST FOR ABATEMENT AND RECONSIDERATION." On June 16, 1988, SAIF filed a petition for judicial review. On June 17, 1989, the Board issued an "ORDER OF ABATEMENT" which, *inter alia,* stated, "To provide sufficient time to reconsider the request, we withdraw and abate our Order on Review in this case, effective this date." On July 20, 1989, the Board issued an "ORDER WITHDRAWING ABATEMENT ORDER," which, after noting that SAIF had filed a petition for judicial review before the Board had issued its order of abatement, stated: "We decline to withdraw our May 18, 1988 Order on Review." SAIF did not thereafter file a new or amended petition for judicial review.

Claimant has moved to dismiss on the ground that, under ORS 183.482(6),[1] the June 17 abatement order triggered a requirement that SAIF file an amended petition, which it did not do. The significance of whether ORS 183.482(6) applies to workers' compensation cases is that it requires the filing of an amended petition for judicial review if an agency withdraws the original order for which judicial review was sought. If an amended petition is not filed, the petition must be dismissed

---

[1] ORS 183.482(6) provides, in relevant part:

"(6) At any time subsequent to the filing of the petition for review and prior to the date set for hearing the agency may withdraw its order for purposes of reconsideration. If any agency withdraws an order for purposes of reconsideration, it shall, within such time as the court may allow, affirm, modify or reverse its order. If the petitioner is dissatisfied with the agency action after withdrawal for purposes of reconsideration, the petitioner may file an amended petition for review and the review shall proceed upon the revised order."

ORAP 5.35 implements ORS 183.482(6). The Board did not comply with the provisions of the rule when it issued its June 17 order withdrawing the May 18 order on review.

for lack of jurisdiction. *Knapp v. Employment Division,* 67 Or App 231, 677 P2d 738 (1984). In *Fisher v. SAIF,* 76 Or App 656, 711 P2d 162 (1985), *rev den* 300 Or 605 (1986), we held that ORS 183.482(6) does apply to judicial review of workers' compensation decisions, because ORS 183.315(1) does not explicitly exclude it.[2] However, it is not necessary to apply ORS 183.482(6) to decide this case.

■■    In the absence of a statutory provision limiting its authority to do so, an agency has plenary authority to decide matters committed to it by the legislature. That authority includes the authority to withdraw an order and to reconsider the decision embodied in the order. The Workers' Compensation Board has been granted the authority by the legislature to decide claims. ORS 656.295. With one exception, there is nothing in ORS 656.295 limiting the power of the Board, after having issued a decision on a claim, to withdraw it. The exception is in subsection (8) of ORS 656.295:

> "An order of the board is final unless within 30 days after the date of mailing of copies of such order to the parties, one of the parties appeals to the Court of Appeals for judicial review pursuant to ORS 656.298. The order shall contain a statement explaining the rights of the parties under this subsection and ORS 656.298."

We hold that the Board has the authority to withdraw an

---

[2] The legislative history of House Bill 2900, Or Laws 1987, ch 884, making significant changes in the Workers' Compensation Law, may relate to the holding in *Fisher.* Section 12a of HB 2900 replaced certain provisions in ORS 656.298(6) regarding the scope of this court's review in workers' compensation cases with this provision: "Review shall be as provided in ORS 183.482(7) and (8)." The fact that HB 2900 adopted specific subsections of ORS 183.482 is some evidence of legislative intent to exclude the application of the remaining subsections of ORS 183.482, including the one relevant here, ORS 183.482(6). That conclusion is bolstered by the fact that, as originally introduced, HB 2900 would have adopted ORS 183.482 *in toto.* HB 2900 was amended in committee to adopt only subsections (7) and (8). Senator Hill explained that "there is a lot in ORS 183.482 that is redundant and not appropriate to apply to this procedure—ORS 183.482 language is redundant to procedure provided in the workers' compensation law. The elements to be included are those contained in (7) and (8)." Tape Recording, Senate Committee on Labor, June 9, 1987.

ORS 183.482(6) is not redundant of anything in ORS chapter 656, because chapter 656 does not contain any provision for the Workers' Compensation Board to reconsider its orders and does not deal with the effect of a petition for judicial review on the Board's ability to reconsider an order. Apart from his statement, there is no evidence that Senator Hill or any other legislator intended to overrule the specific holding of *SAIF v. Fisher, supra,* that ORS 183.482(6) applies to judicial review of workers' compensation decisions.

order for the purpose of reconsideration at the request of a party or on its own motion, provided that it does so before the order becomes final under ORS 656.295(8).

■       The question then arises whether the fact that a petition for judicial review has been filed affects the authority of the Board to withdraw an order for reconsideration if the Board acts before the order becomes final. The answer is no. There is no provision in either ORS chapter 656 or ORS chapter 183 that limits the authority of the Board to reconsider an order *before* it becomes final, regardless of whether a petition for judicial review has been filed. ORS 19.033(1),[3] which expressly limits the jurisdiction of a trial court after a notice of appeal has been filed, does not apply.

We need not decide whether, when the Board has exercised its authority to withdraw an order before it has become final, a party who had already filed a petition for judicial review is required to file a new or amended petition after the Board issues a new order, because the Board did not issue a new, reviewable order here. The Board did not redecide the case after granting reconsideration, as it was obligated to do. This case remains pending before the Board, because the Board has not issued a decision on reconsideration.

Because claimant's motion to dismiss is premised on the contention that SAIF failed to petition for judicial review of the July 20 order, we deny that motion. We dismiss this judicial review on our own motion, because there is no final order.

Motion to dismiss denied; judicial review dismissed on the court's own motion.

---

[3] ORS 19.033(1) provides:

"(1)  When the notice of appeal has been served and filed as provided in ORS 19.023, 19.026 and 19.029, the Supreme Court or the Court of Appeals shall have jurisdiction of the cause, pursuant to rules of the court, but the trial court shall have such powers in connection with the appeal as are conferred upon it by law and shall retain jurisdiction for the purpose of allowance and taxation of attorney fees, costs and disbursements or expenses pursuant to rule or statute. If the trial court allows and taxes attorney fees, costs and disbursements or expenses after the notice of appeal has been served and filed, any necessary modification of the appeal shall be pursuant to rules of the appellate court."