Argued and submitted July 8, 1991, affirmed October 21, 1992

In the Matter of the Compensation of
Ronald M. Lyday, Claimant.

Ronald M. LYDAY,
*Petitioner,*

*v.*

LIBERTY NORTHWEST
INSURANCE CORPORATION
and Embarcadero Resort,
*Respondents.*

(WCB No. 88-04125; CA A67809)

839 P2d 756

Mark L. Malco, Newport, argued the cause and filed the brief for petitioner.

William H. Walters, Portland, argued the cause for respondents. With him on the brief were Brian B. Doherty and Miller, Nash, Wiener, Hager & Carlsen, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

De MUNIZ, J.

## De MUNIZ, J.

Claimant seeks review of a Workers' Compensation Board order, arguing that the Board lacked jurisdiction to consider an appeal of the referee's order. We affirm.

The hearing record was closed on March 29, 1989. The referee's order, which upheld the claim, was entered and mailed to the parties on April 20, 1989. On May 12, 1989, employer moved to disqualify the referee and to have the matter resubmitted to a different referee. On May 18, 1989, the referee issued an "order of abatement." The presiding referee denied employer's motion to disqualify the referee on July 20, 1989. On September 29, 1989, the referee republished the April 20 order. Employer appealed to the Board on October 26, 1989.

Claimant moved to dismiss employer's appeal on the ground that it was untimely. The Board concluded that the appeal was timely, because it was filed within 30 days of the date of the republished order.

ORS 656.289(1) provides:

"Upon the conclusion of any hearing, or prior thereto with the concurrence of the parties, the referee shall promptly and not later than 30 days after the hearing determine the matter and make an order in accordance with the referee's determination."

That statute requires that the referee issue an order not later than 30 days after the hearing. The referee complied with ORS 656.289(1) when she issued the April 20 order.

OAR 438-07-025(1) provides:

"The referee may reopen the record and reconsider his or her decision before a notice of appeal is filed or, if none is filed, before the appeal period expires. Reconsideration may be upon the referee's own motion or upon a motion by a party showing error, omission, misconstruction of an applicable statute or the discovery of new material evidence."

The rule authorized the referee to reopen the record "before time for requesting review expires." Claimant contends that ORS 656.289(1) restricts the referee's authority to make any order or determination after 30 days from the date of the

hearing and that OAR 438-07-025(1) conflicts with the statute, because it authorizes the referee to act after that time.

■      We need not decide whether there is a conflict between the rule and the statute or whether the referee would have been authorized to reopen the record. Here, the referee did not purport to reopen the record; she abated her decision, thereby nullifying it. *Black's Law Dictionary* 4 (5th Ed 1979).

■      The abatement effected a withdrawal of the decision. In *SAIF v. Fisher*, 100 Or App 288, 785 P2d 1082 (1990), we held that the Board has authority to withdraw an order before the 30-day period for seeking review has expired:

> "In the absence of a statutory provision limiting its authority to do so, an agency has plenary authority to decide matters committed to it by the legislature. *That authority includes the authority to withdraw an order* and to reconsider the decision embodied in the order." 100 Or App at 291. (Emphasis supplied.)

There is no reason why the same rule should not apply to an order of the referee, unless ORS 656.289(1) somehow limits the referee's authority to act. We conclude that it does not. Although ORS 656.289(1) requires the referee to issue an order within 30 days of the hearing, it does not purport to restrict the referee's authority to act after that time or to withdraw that order before the time for appealing it to the Board has expired. Absent some clear indication that ORS 656.289(1) is intended to do more than set a 30-day period for the issuance of an order, we conclude that it is no more than a deadline for the issuance of an order. *See, e.g.*, ORS 197.855. Failure to comply with the statute may subject the referee to mandamus, for example, but it does not deprive the referee of the power to act. We hold that the referee has authority to withdraw or abate a decision before the time for appeal to the Board has expired. *See Farmers Insurance Group v. SAIF*, 301 Or 612, 724 P2d 799 (1986).

The referee abated her decision within the 30-day period. Employer's request for review was filed within 30 days after the issuance of the republished order. Accordingly, the Board had jurisdiction to review the order as republished.

Affirmed.