In the Matter of the Compensation of
Irwin W. Geer, Claimant.

Irwin W. GEER,
*Petitioner,*

*v.*

SAIF CORPORATION,
Carla Properties, Ltd., EBI Companies
and Jack Johnston Meat Packers,
*Respondents.*

(92-01980, 91-17845; CA A76772)

855 P2d 1145

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were C. Rodney Kirkpatrick and Kirkpatrick & Zeitz, Portland.

Michael O. Whitty, Special Assistant Attorney General, Salem, argued the cause for respondents SAIF Corporation and Carla Properties, Ltd. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Randy G. Rice, Portland, waived appearance for respondents EBI Companies and Jack Johnston Meat Packers.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

LEESON, J.

**LEESON, J.**

Claimant petitions for review of an order of the Workers' Compensation Board. We affirm.

The Board characterized the procedural history of this case as "confusing." The essential facts are: On May 13, 1992, the referee issued an order affirming in part, and setting aside in part, SAIF's denial of claimant's claims for a lower back injury, and ordering SAIF to pay an assessed attorney fee. On June 11, 1992, the referee signed an order granting claimant's request that the May 13 order be abated. The abatement order was not mailed until June 15, 1992.

SAIF petitioned the Board for review. The Board indicated its agreement with SAIF's contention that an abatement order is not effective until mailed, but dismissed the petition for review on the ground that an abatement order is not appealable because it does not dispose of a claim. The referee subsequently withdrew the abatement order. Claimant petitioned the Board to reconsider whether an abatement order is effective when signed, rather than when mailed. The Board adhered to its position that such an order is effective when mailed. Claimant then filed this petition for review.

■ A referee's order generally becomes final[1] 30 days after the date on which a copy is mailed to the parties. ORS 656.289(3). However, the order does not become final if, within that period, a party petitions the Board for review, ORS 656.289(3), or the referee abates the order. *Lyday v. Liberty Northwest Ins. Corp.*, 115 Or App 668, 671, 839 P2d 856 (1992).

■ In this case, the referee signed the abatement order on June 11, 1992, within the 30-day period. However, it was not mailed until June 15, 1992, after the period expired. The sole issue is whether the Board erred in concluding that the effective date of an abatement order is when it is mailed, rather than when it is signed. Other statutes that address specific orders of the referee and Board provide that orders are effective upon mailing. ORS 656.268(6)(a),(b); ORS 656.268(9); ORS 656.289(3); ORS 656.295(8). The Board did

---

[1] An order that has become "final," for purposes of ORS 656.289(3), is one that is no longer appealable.

not err in holding that an abatement order becomes effective when mailed.

In this case, the referee's order of May 13, 1992, became final by operation of law on June 12. The order was not abated within 30 days, nor did any party petition the Board for review within that period.

Affirmed.