Argued and submitted April 19, 1999, reversed and remanded March 22, 2000

In the Matter of the Compensation of
Jenny L. Boydston, Claimant.

Jenny L. BOYDSTON,
*Petitioner,*

*v.*

LIBERTY NORTHWEST INSURANCE CORPORATION
and Andersen Construction Company and
Department of Consumer and Business Services,
*Respondents.*

(WCB 97-03081; CA A102008)

999 P2d 503

Darris K. Rowell argued the cause and filed the brief for petitioner.

Barbara A. Woodford argued the cause and filed the brief for respondents Liberty Northwest Insurance Corporation and Anderson Construction Company.

Denise G. Fjordbeck, Assistant Attorney General, argued the cause for respondent Department of Consumer and Business Services. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LINDER, J.

Landau, P. J., dissenting.

## LINDER, J.

Claimant seeks review of a Workers' Compensation Board (Board) order that dismissed as untimely her request for a hearing from an order on reconsideration of the Department of Consumer and Business Services (DCBS). The issue is whether DCBS had authority to abate and withdraw its own order, and later to issue a second order on reconsideration, after the 18-day period specified in ORS 656.268(6)(d) (1995).[1] Because we conclude that DCBS did have that authority, we hold that claimant's request for a hearing was timely. We therefore reverse the Board's order.

The relevant facts are procedural in nature and are not disputed. We therefore draw from the Board's order:

"Claimant's claim was closed by a December 6, 1996 Determination Order. Claimant requested reconsideration of the Determination Order contesting the award of temporary total disability. Claimant's request for reconsideration was received by [DCBS] on February 3, 1997. Within 18 working days, an Order on Reconsideration issued on February 25, 1997. ORS 656.268(6)(d). No medical arbiter had been appointed pursuant to ORS 656.268(7).

"Within 30 days of the issuance of the Order on Reconsideration, claimant filed a March 6, 1997 request asking [DCBS] to 'abate and withdraw' the February 25, 1997 Order on Reconsideration so that additional medical evidence could be considered. At that time, no party had requested a hearing before the Hearings Division. On March 12, 1997, [DCBS] issued an Order Abating and Withdrawing the Order on Reconsideration. On March 20, 1997, a Second Order on Reconsideration issued. Again, no medical arbiter had been appointed.

"On April 14, 1997, claimant requested a hearing from the March 20, 1997 Second Order on Reconsideration."

The Board determined that claimant's request for a hearing was untimely and dismissed the request on that ground. The Board reasoned that, under the then-effective

---

[1] The statute was amended in 1997. The parties agree that the amendments do not apply to this case. All references to ORS 656.268 are to the 1995 version of the statute.

provisions of ORS 656.268(6)(d), DCBS had 18 days after receipt of the request for reconsideration to "complete" the reconsideration process. The statute further provides that, if DCBS did not issue an order within that 18-day period, then reconsideration is deemed denied. The Board viewed the 18-day period as "an express statutory limitation on [DCBS's] authority to reconsider a Determination Order or Notice of Closure." Thus, the Board concluded:

> "[DCBS's] authority to issue an Order on Reconsideration ended on February 28, 1997, 18 working days from receipt of claimant's request for reconsideration. Inasmuch as claimant did not request a hearing within 30 days from that date, her subsequent request for hearing was untimely and, therefore, * * * claimant's request for hearing should be dismissed."[2]

On review, the issue is whether ORS 656.268(6)(d) should be interpreted to limit DCBS's authority to withdraw and revise its own order on reconsideration after 18 days from the receipt of the request for reconsideration. That is a question that we review for legal error.

We begin with a discussion of two of our prior decisions, which are particularly instructive here. The first is *SAIF v. Fisher*, 100 Or App 288, 291, 785 P2d 1082 (1990). There, the claimant moved to dismiss the insurer's appeal from a Board order that the Board withdrew and abated after the petition for review was filed. The issue turned, in part, on whether the Board lacked authority to withdraw and abate its own order, in which case the prior order remained in effect. We observed in *Fisher* that the legislature had granted the Board the authority and responsibility to decide claims. With only one exception not relevant to that case, the legislature had not limited the Board's power, after having issued

---

[2] In *Liberty Northwest Ins. Corp. v. Allenby*, 166 Or App 331, 1 P3d 464 (2000), the Board reconsidered a portion of its conclusion in this case and reversed itself. The Board in that case adhered to its determination that DCBS lacked authority to abate its order and to issue a subsequent order on reconsideration more than 18 days after the request for DCBS reconsideration. Contrary to its conclusion in this case, however, a majority of the Board determined that the second order has force and effect unless and until it is challenged and set aside. Because of our resolution of the issue, we need not decide whether the subsequent orders in this case and in *Allenby* were of no force and effect, or whether they were effective unless and until challenged.

a decision, to withdraw it and reconsider it. *Id.* We concluded that the authority to withdraw and reconsider a decision inheres in the legislative delegation of power to decide a matter and is plenary in the absence of express legislative limitation:

> "In the absence of a statutory provision limiting its authority to do so, an agency has plenary authority to decide matters committed to it by the legislature. That authority includes the authority to withdraw an order and to reconsider the decision embodied in the order."

*Id.* Thus, the relevant question is not whether the legislature has granted an agency authority to withdraw and reconsider its own decision—that authority resides inherently in the delegation of power and responsibility to decide a matter. The question is, instead, whether the legislature has limited the agency's authority in that regard. The only source of a limitation in *Fisher* was a statute declaring the Board's orders to be "final" 30 days after they issue if appellate court review is not sought. Until an order becomes final, we concluded, the Board's authority to abate and to reconsider its own order was unrestrained. *Id.* at 291-92.

*Lyday v. Liberty Northwest Ins. Corp.*, 115 Or App 668, 839 P2d 756 (1992), resolved a related question: whether a hearing referee's inherent authority to withdraw an order was limited by a statute requiring the order to issue within 30 days of the hearing. The referee in *Lyday* initially issued an order within the required 30-day time period. After the 30 days passed, the referee abated and withdrew the order, and then later reissued the order. We concluded that the statute did not preclude the referee from reconsidering the decision embodied in the order, reasoning:

> "Absent some clear indication that ORS 656.289(1) is intended to do more than set a 30-day period for the issuance of an order, we conclude that it is no more than a deadline for the issuance of an order. Failure to comply with the statute may subject the referee to mandamus, for example, but it does not deprive the referee of the power to act. We hold that the referee has authority to withdraw or abate a decision before the time for appeal to the Board has expired."

*Id.* at 671 (citation omitted).

■■　*Fisher* and *Lyday*, together, set forth several principles that guide our analysis here. The starting point is the recognition that, without some legislative limitation, an agency has plenary authority to decide matters committed to it. That authority encompasses the authority to withdraw and reconsider the substance of a decision after it has been made. The legislature may, by statute, either retract that authority altogether, or it may place limits on how long that authority continues. But any retraction or limitation must be clear. That is, there must be some statutory provision that is specifically directed to and limits the withdrawal authority itself. *See generally State ex rel Hall v. Riggs*, 319 Or 282, 293, 877 P2d 56 (1994). We have found such a limitation to be necessarily contained in a statute directing that, after a specified period of time, the agency's decision becomes final. *Fisher*, 100 Or App at 291-92. The same is not true, however, of a mere specification of a time within which a decision must be made. *Lyday,* 115 Or App at 671. The latter provides a deadline for making the decision but does not, in any necessary or express way, eliminate the agency's authority to withdraw and reconsider the decision previously made.

■　　We turn to the statutes that bear on DCBS's authority in this case. Determination orders are issued by DCBS to determine the extent of an accepted disabling condition. *See generally* ORS 656.268. If the claimant or the insurer is dissatisfied with the determination order, it may request reconsideration by DCBS. *Id.* That request for reconsideration triggers a review by the "special evaluation appellate unit" within DCBS. ORS 656.268(6)(d) provides, in part:

> "Reconsideration shall be completed within 18 working days from the date of receipt of the request therefor and shall be performed by a special evaluation appellate unit within [DCBS]. The deadline of 18 working days may be postponed by an additional 60 calendar days if within the 18 working days [DCBS] mails notice of review by a medical arbiter. If an order on reconsideration has not been mailed on or before 18 working days from the date of the receipt of the request for reconsideration, or within 18 working days plus the additional 60 calendar days where a notice for medical arbiter review was timely mailed, reconsideration

shall be deemed denied and any further proceedings shall occur as though an order on reconsideration affirming the notice of closure or the determination order was mailed on the date the order was due to issue."

The statute contains several provisions of significance. First, the statute sets a "deadline" of 18 days for completing reconsideration and mailing the order. Second, the statute provides for postponement of that deadline if, within the 18 days, DCBS submits the matter to review by a medical arbiter. Third, the statute specifies a consequence if the decision either is not made or postponed by submission to a medical arbiter within 18 days—*i.e.*, reconsideration is "deemed" denied and further proceedings occur as though an order affirming the determination order was mailed on the 18th day.

In concluding that the statute is a limit on DCBS's authority to abate and withdraw its orders, the Board focused in part on the statute's directive that reconsideration be "completed" within 18 days. We do not agree that the statute is significantly distinguishable in that respect from the one at issue in *Lyday,* which required a referee's order to issue within 30 days of the hearing. Implicit in any directive to issue an order within a certain time period or by a particular deadline is the idea that the underlying deliberative process must be completed within that time. The requirement in this statute to complete reconsideration of the determination order and to issue an order within 18 days is not meaningfully distinguishable from any other statute setting a deadline for issuing an order.

The Board here further focused on the fact that, if no order issues, then reconsideration is deemed denied and further proceedings are conducted as if an order affirming the determination order were mailed on the 18th day. That provision, however, likewise does not amount to a clear expression of a legislative design to terminate DCBS's authority to reconsider an order after the 18 days. The "deemed denied" language is directed to what happens if DCBS *fails* to make a decision and *fails* to issue an order embodying a deliberative determination. In the absence of such a provision, the statute

would be the equivalent of the statute in *Lyday*, and the conclusion would be the same: through mandamus or some other vehicle, DCBS could be forced to make a decision after the 18th day. Rather than require extraordinary measures to achieve a decision, the legislature provided for a default mode by which no decision results in a denial of reconsideration by operation of law. The case then goes forward accordingly. *See* ORS 656.268(6)(d) ("any further proceedings shall occur as though an order on reconsideration affirming the notice of closure or the determination order was mailed on the date the order was due to issue"). The "deemed denied" provision ensures a decision in the absence of an order; it does nothing to express a legislative design to foreclose the agency's inherent authority to withdraw and abate its own decision after an order timely issues.

Nor do we find any other basis in the relevant statutes to conclude that the 18-day period for reconsideration limits DCBS's authority to withdraw a decision after the 18 days has passed. To the contrary, other provisions reinforce our conclusion. First, the 18-day time period specified in the statute is not absolute. DCBS may postpone a decision for an additional 60 days if it decides, within the 18 days, to submit the matter to a medical arbiter for resolution. ORS 656.268(6)(d). Similarly, under subsection (6)(b) of the same statute, DCBS may postpone reconsideration for an additional 60 days for the purpose of taking new medical or other information.[3] Finally, the statute provides that a party has

---

[3] ORS 656.268(6)(b) provides:

"If necessary, [DCBS] may require additional medical or other information with respect to the claims and may postpone the reconsideration for not more than 60 additional calendar days."

Claimant relies on that provision as authority for DCBS's withdrawal and abatement in this case, arguing that this subsection, unlike subsection (6)(d), does not expressly require that DCBS act within the 18-day period to allow a postponement. Claimant reasons, therefore, that DCBS may take that action any time before the reconsideration order becomes final—*i.e.*, within the 30 days for requesting a hearing. That interpretation is problematic. Although ORS 656.268(6)(b) does not expressly require DCBS to act within the 18 days stated in ORS 656.268(6)(d), the requirement seems implicit in its language permitting postponement of reconsideration for 60 "additional" days. That necessarily must mean 60 days in addition to the 18 days permitted by subsection (6)(d) to complete reconsideration, which in turn suggests that the director's authority to postpone the reconsideration must be exercised within the 18 days. We therefore rely on that subsection only as a reflection of the legislature's policy that the 18-day reconsideration period is not an unalterable deadline.

30 days from the date of the reconsideration order to seek a hearing before an administrative law judge. ORS 656.268(6)(f). It would be anomalous for the legislature to foreclose DCBS from altering an order issued on the 18th day after the request for a hearing, yet not have the order become final for another 30 days.

Consequently, we conclude that DCBS had authority in this case to withdraw and abate its order and to issue a second order on reconsideration. Because claimant timely requested a hearing to challenge that order, the Board erred in dismissing her hearing request.

Reversed and remanded.

**LANDAU, P. J.,** dissenting.

ORS 656.268(6)(d) (1995) provided that reconsideration of a determination order "*shall be completed* within 18 working days from the date of receipt of the request therefor * * *." (Emphasis added.) The Workers' Compensation Board concluded that the statute means what it says, namely, that reconsideration must be finished by the 18-day deadline. The majority concludes that "shall be completed within 18 days" means something else. According to the majority, the statute means only that an order on reconsideration must be issued within 18 days and that, notwithstanding the 18-day completion language in the statute, the Department of Consumer and Business Services is entitled to withdraw such an order and take an undefined amount of time to consider revising it. In my view, the Board was correct. "Shall be completed" means "shall be completed," and the majority errs in concluding otherwise.

As the majority correctly notes, although administrative agencies to whom the legislature has delegated decision-making authority obtain implicit authority to withdraw and reconsider their decisions, that implicit authority is subject to express legislative limitation. *See generally SAIF v. Fisher*, 100 Or App 288, 291, 785 P2d 1082 (1990). The question in this case is whether such express legislative limitation exists. In my view it does.

ORS 656.268(6)(d) (1995) provided:

> *"Reconsideration shall be completed within 18 working days* from the date of receipt of the request therefor and shall be performed by a special evaluation appellate unit within the department. The deadline of 18 working days may be postponed by an additional 60 calendar days if within the 18 working days the department mails notice of review by a medical arbiter. If an order on reconsideration has not been mailed on or before 18 working days from the date of the receipt of the request for reconsideration, or within 18 working days plus the additional 60 calendar days where a notice for medical arbiter review was timely mailed, reconsideration shall be deemed denied and any further proceedings shall occur as though an order on reconsideration affirming the notice of closure or the determination order was mailed on the date the order was due to issue."

(Emphasis added.) The ordinary meaning of "shall be completed" seems straightforward enough. "Completed" usually means "brought to an end or a final or intended condition ·* * * CONCLUDED * * * [brought] to an end often into or as if into a finished or perfected state." *Webster's Third New Int'l Dictionary*, 465 (unabridged ed 1993). That means that, under ORS 656.268(6)(d) (1995) reconsideration must be "brought to an end or a final intended condition" and "concluded" within 18 days. Moreover, the statute speaks not merely of a decision or an opinion issuing within 18 days, but rather the completion of "[r]econsideration," that is, the entire reconsideration process.

What is more, the statute makes clear that, if the Department does not act within the prescribed 18-day period, reconsideration will be *"deemed denied * * ** as though an order on reconsideration affirming the notice of closure or the determination order"* had been timely made. ORS 656.268(6)(d) (1995) (emphasis added). Thus, the legislature has ensured that, one way or the other, by the 18th day after the filing of a request for reconsideration, a final, completed decision will have been made—either by the Department or by operation of law.

The "deemed denied" provision is particularly important, it seems to me. The cases make clear that the

abatement and withdrawal of an order on reconsideration has the effect of "nullifying" the decision. *Lyday v. Liberty Northwest Ins. Corp.*, 115 Or App 668, 671, 839 P2d 756 (1992). If that is so, then the withdrawal of an order on reconsideration issued within the 18-day period has the effect of nullifying the timely decision and automatically triggering the denial of reconsideration by operation of law, there having been no decision rendered within the 18-day period. Thus, the authority of the Department to abate and withdraw a decision simply cannot be reconciled with the language of ORS 656.268(6)(d) (1995).

The majority nevertheless concludes that the statute is not so clear in imposing an 18-day deadline for concluding the reconsideration process. It does so for two reasons, neither of which I find persuasive. First, the majority concludes that "completion" is indistinguishable from mere "issuance" of a decision. According to the majority, the command that reconsideration be "completed" within 18 days is akin to the statutory command at issue in *Lyday*, which required the mere "issuance" of a decision by a certain date and which we held did not preclude withdrawal and reconsideration. The majority's reasoning, however, neglects to take into account the phrasing of the statute at issue in this case, which refers to the conclusion of an entire process, not merely to the issuance of a single decision.

Second, the majority reasons that the 18-day completion date cannot be treated as "absolute," because the statute provides the Department with the authority to extend the deadline for 60 days to obtain additional medical information or to refer the case to a medical arbiter. ORS 656.268(6)(b), (d) (1995). Neither exception applies to this case, however. The fact that the legislature provided the Department with the authority to extend the deadline in some enumerated circumstances does not implicitly grant license to the Department to extend the deadline in *other* circumstances not covered by the exceptions detailed in the statute.

Moreover, the majority's reasoning fails to consider that, even in cases in which the enumerated exceptions apply, the Department's decision to extend the deadline itself must be made within the 18-day deadline, by virtue of the

"deemed denied" language of ORS 656.268(6)(d) (1995).[1] Either way, an affirmative decision must be made within the 18-day period either resolving the request for reconsideration or postponing resolution on a determination that a more involved deliberation process is warranted in the particular case. If neither of those determinations is made within 18 days, the reconsideration is deemed denied by operation of law. The legislature's intention that the reconsideration process be speedily concluded hardly could be clearer.

In that regard, the majority's reading of ORS 656.268(6)(d) (1995) is problematic for an additional reason. If the Department has the authority to withdraw a reconsideration order that was issued within the 18-day period, how long does it have to reconsider the order? If I understand the majority's opinion correctly, there is no limit to the time that the Department could take to reconsider such an order. I cannot reconcile such an open-ended reconsideration process with the language of the statute, which so clearly evinces the legislature's concern for timely resolution of reconsideration requests.

I respectfully dissent.

---

[1] In fact, ORS 656.268(6)(d) (1995) makes clear that, apart from the "deemed denied" provision, there is an express requirement that a 60-day extension to refer a matter to a medical arbiter depends on the mailing of notice of the extension "on or before 18 working days from the date the reconsideration proceeding begins."