Argued and submitted September 20, 1999, reversed and remanded on
cross-petition; otherwise affirmed March 22, 2000

In the Matter of the Compensation of
George L. Allenby, Claimant.

LIBERTY NORTHWEST INSURANCE CORPORATION
and Caveman Logging, Inc.,
*Petitioners - Cross-Respondents,*

*v.*

George L. ALLENBY,
*Respondent - Cross-Petitioner.*

(WCB No. 97-02663; CA A103780)

1 P3d 464

David O. Wilson argued the cause and filed the briefs for
petitioners - cross-respondents.

Tom Dzieman argued the cause and filed the brief for
respondent - cross-petitioner.

Before Landau, Presiding Judge, and Linder and Brewer,
Judges.

LINDER, J.

Landau, P. J., dissenting.

## LINDER, J.

On employer's petition and claimant's cross-petition, this case is on review from a Workers' Compensation Board (Board) order and raises the same issue presented in *Boydston v. Liberty Northwest Ins. Corp.*, 166 Or App 336, 999 P2d 503 (2000). As in that case, we reverse the Board's order and remand.

Following closure of claimant's accepted claim for a logging injury, claimant filed a request for reconsideration by the Department of Consumer and Business Services (DCBS). Within 18 days of the request, DCBS issued a notice of review by a medical arbiter and postponed reconsideration for an additional 60 calendar days. Before expiration of the additional 60 days, DCBS issued an order on reconsideration affirming the claim closure as not premature and awarding additional scheduled permanent partial disability. Thereafter, insurer accepted additional medical conditions that were not considered in DCBS's order on reconsideration. DCBS therefore abated its order and withdrew it before it became final. It later issued a second order on reconsideration declaring that insurer's notice of closure was premature. Insurer filed a request for hearing and suspended payment of procedural temporary disability benefits to claimant on the ground that DCBS's second order on reconsideration was invalid. Claimant filed a cross-request for hearing challenging insurer's suspension of procedural temporary disability benefits.

As in *Boydston*, the Board concluded in this case that ORS 656.268(6)(d) (1995) deprives DCBS of authority to reconsider its order after the time period specified in the statute for issuance of the order. In essence, the statute provides that reconsideration shall be completed within 18 working days from the date of the request for reconsideration. The 18 days may be postponed by an additional 60 days if, within the 18 days, DCBS issues a notice of review by a medical arbiter.[1]

---

[1] The full text of the statute is quoted in our decision in *Boydston*. As we observed there, the statute was amended in 1997, but the amendments do not apply and do not affect the analysis. Therefore, we discuss only the 1995 version of the statute.

In this case, therefore, DCBS had a total of 78 days to issue an order on reconsideration. It did so. After the 78 days, but before the order on reconsideration became final, it abated and withdrew that order and later issued a subsequent order on reconsideration. Following its reasoning in *Boydston*, the Board concluded that DCBS had no authority to do so after the 78-day time period.[2]

Although this case involves a first order on reconsideration issued during the 78-day time period, rather than the 18-day time period if the deadline is not postponed, the analysis is the same as in *Boydston*. The statute's directive that an order on reconsideration issue within 18 days, or within an additional 60 days if DCBS issues notice of review by a medical arbiter, imposes a deadline for issuance of an order. Such a deadline does not provide the necessary clear expression of legislative intent to eliminate the agency's inherent authority after that deadline to withdraw and reconsider the decision embodied in the order. Hence, as in *Boydston*, we hold that DCBS had authority to withdraw and abate its first order on reconsideration because it did so before that order became final. Likewise, its subsequent order on reconsideration was authorized. The Board erred in invalidating that order.

On cross-petition, Board order setting aside March 20, 1997, order of the Department of Consumer and Business Services reversed and remanded for reconsideration; otherwise affirmed.

**LANDAU, P. J.,** dissenting.

For the reasons stated in my dissent in *Boydston v. Liberty Northwest Ins. Corp.*, 166 Or App 336, 999 P2d 503

---

[2] The Board departed from its decision in *Boydston*—and specifically disavowed it—on the question of whether the subsequent order was a nullity. In *Boydston*, it concluded that the subsequent order was of no force or effect. Consequently, the Board determined in *Boydston* that the claimant's request for hearing was untimely because it had to be filed within 30 days of the date of the first order on reconsideration. In this case, the Board revisited that portion of its decision in *Boydston* and concluded that, when DCBS abates an order and issues a new one, without authorization, the new order is voidable rather than void. The Board determined, therefore, that a dissatisfied party's remedy is to request a hearing from the subsequent order, challenge it as unauthorized, and seek to have it vacated and the prior order reinstated. We need not decide whether the Board was correct on that point given our determination that DCBS had authority to abate and withdraw its order and issue a second order on reconsideration.

(2000), I dissent from the majority's holding that the Department of Consumer and Business Services has authority to abate and withdraw an otherwise timely order on reconsideration and then reissue the order after the time required by ORS 656.268(6)(d) (1995). ·