Argued and submitted July 6, 2001, affirmed September 25, 2002

In the Matter of
the Suspension of the Driving Privileges of

ANDREW SAMUEL GROSSMAN,
*Appellant,*

*v.*

DRIVER AND MOTOR VEHICLE
SERVICES BRANCH (DMV),
*Respondent.*

16-00-05678; A110950

54 P3d 629

Edmund J. Spinney argued the cause and filed the brief for appellant.

Jas. J. Adams, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy

Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Haselton, Presiding Judge, and Deits, Chief Judge, and Linder, Judge.

LINDER, J.

**LINDER, J.**

Petitioner appeals a circuit court judgment dismissing his petition for judicial review of a Driver and Motor Vehicle Services (DMV) order suspending his driving privileges for his refusal to take an Intoxilyzer test. The sole issue presented is whether petitioner timely invoked the circuit court's jurisdiction. We agree that he did not and affirm.

The relevant facts are procedural in nature. After conducting an implied consent hearing at petitioner's request, DMV issued a suspension order dated December 20, 1999. Pursuant to ORS 813.410(7)(a), petitioner was entitled to seek review of that order by filing a petition for judicial review in circuit court within 30 days of the order's date. Before the 30-day period expired, petitioner discovered that the DMV hearing had not been recorded. He did not file a petition for judicial review seeking relief on that basis, however. Rather, on January 14, 2000, he filed with DMV what was, in substance, a motion requesting a new hearing on the ground that DMV had failed to record the implied consent hearing. On January 26, 2000, a hearing officer issued a letter denying that motion. Petitioner still did not seek judicial review. Instead, on February 14, 2000, he filed a second motion with DMV requesting a new hearing "[i]n the interests of justice" and citing ORS 813.440 as authority for DMV to grant him a new hearing. By letter dated March 3, 2000, a hearing officer effectively denied the motion by writing petitioner and explaining, "I am sorry, but there is nothing further I can do for you."

On March 23, 2000, petitioner filed in circuit court a petition for judicial review, to which he attached the March 3, 2000, letter. DMV moved to dismiss the petition on the grounds that the March 3, 2000, letter was not a reviewable final order under ORS 813.410(7) and that the petition was untimely as to the only reviewable final order entered in the proceeding, namely, the December 20, 1999, order of suspension. The circuit court granted the motion, and this appeal followed.

On appeal, petitioner first argues that DMV's letter-denials of his motions for a new hearing were final orders for

purposes of ORS 813.410(7)(a). According to petitioner, because he filed his petition for judicial review within 30 days of the last of those two letters (dated March 3, 2000), his petition was timely. Alternatively, petitioner argues that his motions for a new hearing tolled the time for seeking review of DMV's December 20, 1999, suspension order. Specifically, petitioner argues:

> "Petitioner's filing of [the first motion for a new hearing] tolled the period to file an appeal until that motion was ruled on on January 26, 2000. The 30 day limit that began on that date was again tolled when petitioner filed a second motion for a new hearing on February 14, 2000 and did not begin to run again until the department's letter of March 3, 2000. The petition for review filed on March 23, 2000 was therefore timely as to the December 20, 1999 order as well as the January 26, 2000 letter order and the March 3, 2000 letter order."

In response, DMV takes the converse of those positions. That is, DMV asserts that its March 3, 2000, letter was not a final order that was subject to judicial review and that neither of petitioner's motions for a new hearing tolled the time in which petitioner could seek review of the December 20, 1999, order of suspension.

We begin with whether DMV's March 3, 2000, letter denying petitioner's second motion for a new hearing was itself a final order that was subject to judicial review. That question presents an issue of statutory construction, which we address in accordance with the methodology set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993). In particular, the issue turns on the meaning of the term "final order" as it appears in ORS 813.410(7), which provides, in pertinent part:

> "Unless a person fails, without just cause, to appear in person or through an attorney at a hearing requested under this section, a person shall have the right to appeal any final order by the department after a hearing under this section by filing a petition. The following apply to this subsection:
>
> "(a) The person shall file the petition in the circuit court * * * within 30 days after issuance of the final order of the department."

As a matter of text and context, the term "final order" plainly refers only to a DMV order validating or invalidating a suspension issued after an implied consent hearing under ORS 813.410. The statute expressly provides for review only of final orders issued by DMV "after a hearing held under this section" and not of final orders generally. As a matter of context, the only hearing provided for in ORS 813.410 is a hearing on a proposed suspension, and the only order contemplated by the section's several provisions is an order at the conclusion of the hearing that either imposes the suspension or that determines that the suspension would not be valid. For example, DMV must suspend driving privileges of a person who refuses a breath test unless, "at a hearing described under this section," DMV determines that the suspension would not be valid. ORS 813.410(1). The scope of the hearing is expressly "limited to whether the suspension is valid." ORS 813.410(5). Subject to specified exceptions, DMV must "hold the hearing and issue a final order within 30 days of the date of the arrest." ORS 813.410(4)(e).

■      Significantly, that is the only provision authorizing judicial review of any DMV order in connection with an implied consent hearing.[1] As petitioner acknowledges, the general appeal provisions of the Administrative Procedure Act (APA) do not apply to these DMV proceedings. ORS 813.410(3). Thus, no general authorization exists to seek review of DMV orders of other kinds—final or otherwise—in implied consent proceedings. As a result, given the plain language of ORS 813.410, the only order arising in connection with an implied consent hearing that is subject to judicial review is a DMV order at the conclusion of the hearing that either suspends driving privileges or declares the suspension of those driving privileges to be invalid. In this case, that was the suspension order of December 20, 1999. DMV's later letters denying petitioner's requests for a new hearing were not independently reviewable. Petitioner, therefore, had 30 days

---

[1] The only other relevant provision pertaining to judicial review is ORS 813.450, which specifies the applicable procedures but does not itself authorize review. That statute, too, refers only to "an order of [DMV] after a hearing under ORS 813.410[.]" Thus, ORS 813.450 reinforces our conclusion that the only order that is reviewable under the implied consent hearing statutes is an order at the conclusion of the hearing either suspending driving privileges or determining that the suspension is invalid.

from December 20, 1999, to file a petition for judicial review of his suspension, unless some event operated to toll that time.

We turn, then, to petitioner's alternative argument that the 30-day period for filing a petition for judicial review was tolled by his motions for a new hearing. In making that argument, petitioner acknowledges that DMV does not have express statutory authority to hold a new hearing or otherwise to reconsider a final order issued at the conclusion of an implied consent hearing. He argues, however, that agencies have inherent authority to withdraw and reconsider their own orders, as long as the time for seeking review of those orders has not expired. *See Boydston v. Liberty Northwest Ins. Corp.*, 166 Or App 336, 341, 999 P2d 503, *rev den*, 331 Or 191 (2000) (in the absence of a statutory limitation, an administrative agency has inherent authority to withdraw a final order and reconsider it). Petitioner further cites *Mascorro v. Employment Division*, 70 Or App 531, 689 P2d 1326 (1984), for the proposition that, unless a motion for reconsideration or rehearing also tolls the period for seeking judicial review, the ability to seek reconsideration or a rehearing has little value.

■ There are three flaws in petitioner's reasoning. First, it is doubtful that DMV has such inherent authority in this context. The pertinent statutes make clear that, with respect to achieving a final determination of the validity of the suspension of driving privileges, time is of the essence. A request for hearing on the suspension must be made within 10 days of the date of arrest. ORS 813.410(3). Unless the statutory grounds for a later hearing are met, the hearing must be held and a final order as to the validity of the suspension must be issued within 30 days of the arrest. ORS 813.410(4)(e); ORS 813.440. A petition for judicial review must then be filed within 30 days of that final order. ORS 813.410(7)(a). Those time frames are narrower and more inflexible, by far, than the time frames that apply to most agency hearing and review procedures. *See generally* ORS ch 183 (APA). Moreover, under the APA, agencies are expressly granted authority to reconsider their orders, and the legislature has provided, in addition, that a petition asking an agency to reconsider tolls the time period for seeking judicial review of the order.

ORS 183.482(1). Here, in contrast, the legislature has taken pains to exempt implied consent hearings from that and other APA appeal provisions. ORS 813.410(3). The exemption from the APA appeal provisions, together with the tight and relatively inflexible time frames that apply to implied consent hearings, strongly suggest a limitation on any inherent rehearing authority that DMV might otherwise possess. *See generally Boydston*, 166 Or at 339-41 (discussing principle that legislature may limit agency's inherent authority to reconsider or rehear a matter).[2]

The second flaw in petitioner's position is his reliance on the tolling principle that we recognized in *Mascorro*. There, the legislature had expressly given the parties to the agency proceeding the right to seek reconsideration of an order. *Mascorro*, 70 Or App at 533 n 1 (construing ORS 657.290(3)). We concluded that, if the period for seeking judicial review were to continue to run after such an application was made, the legislative purpose would be frustrated, and a party would be in the awkward position of having to seek judicial review of an order that was, at the same time, under reconsideration. *Id.*

An agency's exercise of inherent authority to rehear or reconsider an order presents a different situation. In such a circumstance, the agency has issued an order that is final and reviewable. The legislature has not expressed a policy of providing a process for reconsideration or rehearing that the parties may invoke as a matter of right. If the agency is to exercise inherent authority to reconsider or rehear a matter, it must first abate or withdraw its own order. If it does not, the order becomes final when the time to seek review expires, and the inherent authority to reconsider or rehear it expires as well. *See Boydston*, 166 Or App at 339-41 (discussing cases). In this circumstance, then, even assuming that DMV had inherent authority to hold a new hearing on petitioner's suspension, its failure to withdraw or abate the December 20,

---

[2] We note also that DMV has adopted some, but not all, of the Attorney General's Model Rules of Procedure. OAR 735-090-0010 (1999). Among those model rules that DMV did *not* adopt is OAR 137-003-0080 (1999), concerning reconsideration and rehearing in contested cases.

1999, order caused that authority to expire when the time for petitioning for judicial review passed.

The third flaw in petitioner's argument is that, in all events, his second motion for a new hearing was not a generic motion for a new hearing. Rather, it was based on a specific statutory provision—namely, ORS 813.440—that had no application in this circumstance. That statute provides that DMV may provide a suspension hearing outside the restrictions of ORS 813.410 "only if the time requirements under ORS 813.410 could not be met" due to any of the circumstances provided for in the statute. In other words, that statute sets the terms on which a hearing to determine the validity of the suspension may be held more than 30 days after an arrest. It thus pertains to the timing of a *first* hearing and is not a source of a right to seek or obtain a *rehearing*, which is what petitioner was requesting in this case. The statute simply was inapplicable and provided no basis to toll the time period in which to seek judicial review of the final order that issued after petitioner had received a hearing.[3]

In summary, DMV's letters denying petitioner's requests for a new hearing were not final orders subject to judicial review under the terms of ORS 813.410(7)(a). Additionally, petitioner's requests for a new hearing did not toll the time period in which petitioner could seek judicial review of DMV's December 20, 1999, final order suspending his driving privileges. Petitioner was therefore required to file his petition for review within 30 days of that date. Because he did not do so, the circuit court had no jurisdiction to review the suspension order and the circuit court correctly dismissed the petition.

Affirmed.

---

[3] On appeal, petitioner has abandoned any argument that the statute was a source of a right for a new hearing in this circumstance. His argument is limited to a claim that his motion invoking the statute tolled the time for seeking judicial review of the December 20, 1999, order.