Argued and submitted March 4, 1988, reversed and remanded for further proceedings April 5, reconsideration denied May 26, petition for review allowed June 27, 1989

(308 Or 158)

In the Matter of the Compensation of
Walter F. Drews II, Claimant.

## DREWS,
*Petitioner,*

*v.*

## EBI COMPANIES et al,
*Respondents.*

(WCB 85-12763; CA A43657)

771 P2d 285

James L. Edmunson, Eugene, argued the cause for petitioner. On the brief was Cash R. Perrine, Bend.

Craig A. Staples, Portland, argued the cause for respondents. With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant seeks review of an order of the Workers' Compensation Board that affirmed and adopted the referee's order on reconsideration. The referee and the Board held that claimant was barred by *res judicata* from challenging the amount of temporary total disability benefits. We reverse.

Claimant sustained a compensable injury in 1980 while working for Unity Construction, which was insured by EBI. Unity's owner reported claimant's wage as $8.50 per hour, and EBI paid temporary total disability benefits based on that wage rate. A determination order of September, 1981, awarded temporary total disability but no permanent disability benefits and closed the claim. In December, 1983, claimant requested a hearing on matters arising subsequent to the determination order. The hearing was held on June 13, 1984. There were several issues addressed at the hearing, but neither party discussed or raised any question about the wage rate base for temporary total disability. The claim was again closed by a determination order awarding temporary total disability and permanent partial disability.

In mid-1985, claimant discovered that the owner of Unity had incorrectly reported his wage rate on the original injury claim form. The correct rate was $10.50 per hour. That was later verified and reported by employer in an affidavit by the owner.

Claimant's counsel sent a letter to EBI regarding the mistake. The record is not clear when EBI received the information and whether it took any action in response to it. A hearing on other matters regarding the claim was scheduled for March 19, 1986, and claimant amended his hearing request to raise the issue of EBI's failure to correct the temporary total disability rate within fourteen days and sought penalties and attorney fees. The referee found that there was no evidence that EBI had corrected the mistake and awarded penalties and attorney fees, because EBI had not responded within a reasonable time.

EBI moved for reconsideration on the ground that claimant was barred by *res judicata.* The referee agreed. In her order on reconsideration she said:

"The evidence in this record indicates that the claimant's

wage rate was in error on the 801. Time loss was paid in 1980 and the claim closed by a Determination Order in September 1981. If the rate was improper from the very beginning, it could have been corrected in the 1984 hearing.

"* * * [T]he incorrect wage rate was an issue which could have been raised in the prior hearing and, since it was not, it was then waived."

In *North Clackamas School Dist. v. White,* 305 Or 48, 750 P2d 485, *modified* 305 Or 468, 752 P2d 1210 (1988), the court discussed the rules of *res judicata* in workers' compensation cases. The principles are applicable in workers' compensation proceedings "where they facilitate prompt, orderly and fair problem resolution." 305 Or at 52. The court said that the rules of *res judicata* involve two separate concepts: claim preclusion and issue preclusion. As in *White,* this case involves a question of issue preclusion. The court explained that concept:

"If a claim is litigated to final judgment, the decision on a particular issue or determinative fact is conclusive in a later or different action between the same parties if the determination was essential to the judgment." 305 Or at 53.

The 1984 hearing involved a number of issues concerning claimant's claim for compensation, but it did not involve temporary total disability. The amount of temporary total disability was not determined in the hearing and was not essential to the decision on the claim.

EBI argues, citing *Dean v. Exotic Veneers, Inc.,* 271 Or 188, 531 P2d 266 (1975), and *Million v. SAIF,* 45 Or App 1097, 610 P2d 285, *rev den* 289 Or 337 (1980), that temporary total disability was a separate claim that, under the aggregate of operative facts in existence before the 1984 hearing, could have been asserted and litigated. It follows, EBI contends, that, under the two cases cited, the claim cannot now be litigated. We do not agree that the issue that claimant now seeks to litigate is a claim as that term is used in *res judicata* parlance. EBI had been paying temporary total disability and, consequently, there was no need to raise an issue of entitlement to it. The narrow issue involved is the amount of temporary total disability. More particularly, the question is what was the correct wage rate; that is an issue of fact, not a claim.

It was not raised and was not necessarily determined at the 1984 hearing.

We conclude that claimant is not barred from raising the issue that he does, and the Board erred. Because the Board declined to address the merits of the issue of penalties and attorney fees, we remand for a determination of those issues.

Reversed and remanded for further proceedings.