Argued and submitted November 23, 1993, reversed and remanded with instructions
April 20, 1994

In the Matter of the Compensation of
Marianne L. Sheridan, Claimant.

Marianne L. SHERIDAN,
*Petitioner,*

*v.*

JOHNSON CREEK MARKET
and United Employers Insurance,
*Respondents.*

(WCB 91-09220; CA A79201)

873 P2d 328

Donald M. Hooten argued the cause for petitioner. On the brief was Daniel J. DeNorch.

Joanne W. Mills argued the cause for respondents. With her on the brief was Schwabe, Williamson & Wyatt.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

**WARREN, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board. We reverse.

Claimant filed a claim for a chipped bone in her elbow, which employer accepted. She received surgery to remove a loose particle in the elbow, but she continued to experience symptoms. On December 14, 1990, employer issued a notice of closure, finding her medically stationary on November 26, 1990, and awarding her temporary disability but no permanent disability. On June 7, 1991, claimant requested reconsideration of the notice of closure, claiming that employer had prematurely closed the claim, or in the alternative, that she was entitled to an award of permanent disability.

On July 2, 1991, employer issued a denial of compensability of and responsibility for the elbow condition after November 26, 1990, based on its conclusion that the industrial injury was not the major cause of any orthopedic or neurological condition after that date.

On July 9, 1991, the Appellate Review Unit (ARU) issued its order on reconsideration of the notice of closure. It rescinded the notice of closure, because it determined that the closure was premature. It also ordered employer to pay claimant's attorney an amount equal to ten percent of any additional compensation awarded, up to a maximum of $420. On July 11, 1991, claimant filed a request for hearing. On July 30, 1991, the ARU issued an order withdrawing the July 9 reconsideration order. It held that it had not had jurisdiction on July 9 to reconsider the December 14, 1990, notice of closure, because the claim was in denied status as a result of the July 2 denial. Claimant then sent a letter to the referee, adding an appeal from the July 30 withdrawal order as an additional issue at hearing.

The referee affirmed both the July 30 withdrawal order and employer's July 2 denial. The Board adopted the referee's findings. It concluded that the purported withdrawal of the July 9 order on reconsideration was incorrect, but found that that withdrawal was in fact an amendment of the July 9 order on reconsideration, which effectively affirmed the notice of closure. It then found, however, that

the July 9 order on reconsideration was invalid, because claimant challenged the impairment findings, and the director did not appoint a medical arbiter as required by ORS 656.268(7) and *Olga I. Soto*, 44 Van Natta 697 (1992).[1] It also adopted without discussion the referee's conclusions affirming the July 2 denial.

Claimant seeks review, raising three assignments of error. She first challenges the Board's findings that the July 9 order on reconsideration was invalid. Second, she asserts that the Board erred by not ruling that the July 9 order improperly limited claimant's attorney fees. Because our resolution of both of those assignments depends on whether the ARU had the authority to issue the July 30 withdrawal order, we address that issue first.

■ Claimant argues that the ARU did not have jurisdiction on July 30 to withdraw its July 9 order for two reasons. First, she asserts that her July 11 request for hearing challenged the July 9 order, and therefore jurisdiction over the July 9 order vested in the Hearings Division, depriving the ARU of jurisdiction to withdraw that order. In the alterative, she argues that, "absent the request for hearing, the insurer's Notice of Closure dated December 14, 1990 would have become final by operation of law," because the time for requesting a hearing on the reconsideration order had passed before the July 30 order was issued. *See* ORS 656.268(6)(b). Employer responds that claimant did not appeal the July 9 order on reconsideration, and therefore the ARU had continuing jurisdiction to withdraw it. Employer also argues that the 180 days for appeal had not run, because the time during which the notice of closure is on reconsideration is not included in the 180-day calculation, and the reconsideration was ongoing until the withdrawal order was issued on July 30.

Claimant's first argument fails, because she did not request a hearing regarding the July 9 order. The July 11 request for hearing included the dates of the July 2 denial and the July 9 reconsideration order. It listed the reasons for the

---

[1] In *Pacheco-Gonzalez v. SAIF*, 123 Or App 312, 860 P2d 822 (1993), we held that an order on reconsideration, issued without a medical arbiter's report, is not invalid.

appeal as: "DENIAL DATE 7/2/91," "COMPENSABILITY," and "PENALTIES AND ATTORNEY FEES." The Board found that, "[o]n July 11, 1991, claimant filed a Request for Hearing raising, as issues, the July 2, 1991 denial, compensability, and penalties and attorney fees. * * * Insurer did not file a request for hearing to challenge that July 9, 1990 [*sic*] Order on Reconsideration." Neither the request for hearing nor the findings clearly state whether the request for hearing raised any issues relating to the July 9 order on reconsideration. The only challenge claimant made to that order relates to the limitation on the amount of fees to be paid to her attorney. Both the request for hearing and the Board's findings mention attorney fees, but it is not clear whether those references relate to penalties and attorney fees for the July 2 denial, or to the limitation on attorney fees in the July 9 order on reconsideration, or both. However, a portion of the referee's order that was adopted by the Board makes it clear that the Board found that the July 11 appeal related only to the July 2 denial, and not to the July 9 order on reconsideration. The referee said, in his discussion regarding whether the order on reconsideration should be affirmed:

> "Claimant argues the ARU was without authority to issue its July 30, 1990 [*sic*] order withdrawing its July 9, 1991 Order on Reconsideration. * * *
>
> "* * * * *
>
> "At the time of the ARU's July 30, 1991 order withdrawing the July 9, 1991 Order on Reconsideration, *neither party had filed a request for hearing raising, as an issue, the July 9, 1991 Order on Reconsideration.*" (Emphasis supplied.)

The Board adopted that portion of the referee's order. Claimant does not challenge the finding that she did not appeal the July 9 order on reconsideration. Accordingly, we conclude that there was no appeal from the July 9 order and jurisdiction over that order never vested in the Hearings Division.

■■ That does not mean, as employer argues, that the ARU had continuing authority on July 30 to withdraw its July 9 order. As we said in *SAIF v. Fisher*, 100 Or App 288, 291, 785 P2d 1082 (1990):

> "In the absence of a statutory provision limiting its authority to do so, an agency has plenary authority to decide matters committed to it by the legislature. That authority

includes the authority to withdraw an order and to reconsider the decision embodied in the order."

One limitation on that authority is that it exists only until an order becomes final. 100 Or App at 291; *see Lyday v. Liberty Northwest Ins. Corp.*, 115 Or App 668, 839 P2d 756 (1992). In *SAIF v. Fisher, supra*, we held that ORS 656.295(8), which provides that an order of the Board is final unless a party seeks review within 30 days, provides a limitation on the Board's authority to withdraw or amend its orders. A challenge to a notice of closure begins with a request for reconsideration. ORS 656.268(4)(e). ORS 656.268(6)(b) provides that, after the claimant has obtained reconsideration of the closure:

"If any party objects to the reconsideration order, the party may request a hearing under ORS 656.283 within 180 days after copies of notice of closure or the determination order are mailed, whichever is applicable. The time from the request for reconsideration until the reconsideration is made shall not be counted in any limitation on the time allowed for the request for hearing."

Although ORS 656.268(6)(b) does not specifically provide that the reconsideration order becomes final after the 180-day period has passed, that is the natural consequence of the statute. Once 180 days have passed, as provided in ORS 656.268(6)(b), the reconsideration order is final, and the ARU no longer has authority to withdraw or amend it.[2]

Employer argues that the 180-day period had not passed, because the time between July 9 and July 30, during which the ARU was "completing its evaluation of [claimant's] request for reconsideration," is not counted as a part of the time limitation. It relies in part on OAR 436-30-050(3), which provides:

"The time required to complete the reconsideration proceeding pursuant to this rule shall not be included in the 180

---

[2] OAR 436-30-008(1) provides, in part:

"[T]he Appellate Unit may change or cancel any order it issues if it has made an inadvertent error or omission which affects the order. * * * The Appellate Unit will act within the remainder of the appeal period after the reconsideration order being changed or cancelled is mailed only if a hearing has not been requested."

Neither party relies on this rule in support of its argument, and we do not rely on it as the basis for our decision.

days from the mailing date of the Notice of Closure or Determination Order to request a hearing."

Employer fails to cite subsection (a) of that same rule, which provides that "[t]he 180-day time limit will be tolled upon receipt of the request for reconsideration until the reconsideration request is either withdrawn, dismissed or an Order on Reconsideration is issued." Here, the order on reconsideration was issued on July 9. The issuance of that order started the running of the time limitation again. There is no dispute that, if the time began to run when the order on reconsideration was issued and there was no request for hearing from that order, the 180-day period had expired before July 30. Because there was no appeal from the July 9 order, it became final before July 30 and could not be withdrawn or amended.

Because the ARU did not have authority to issue its July 30 order withdrawing its July 9 order, that order is a nullity. Thus, the July 9 order was not withdrawn and it remains in effect. That order holds that the notice of closure was premature. Accordingly, the Board erred in affirming the notice of closure.

■ Claimant's second assignment goes to the limitation on the amount of attorney fees awarded in the July 9 order. Because the July 9 order was never appealed and became final, we cannot review any issues relating to it.

■ Finally, claimant assigns error to the Board's order affirming employer's July 2 denial. She argues that the denial is an attempt by employer to limit its scope of acceptance. Employer argues that the denial was merely a denial of claimant's current condition, and not improper as a backup denial or as an attempt to limit the scope of acceptance.

Claimant asserts that employer accepted a claim for a "chipped bone" in the right elbow. The 801 form lists the nature of injury as "chipped bone." Employer argues that it accepted only the dislodging of a bone fragment that had already been chipped before claimant's fall at work. Therefore, it argues, once the fragment was removed, any continuing need for medical treatment was related to the preexisting chipped bone and could be denied.

Employer relies for the denial on ORS 656.005-(7)(a)(B). The Board, in adopting the referee's discussion on this issue, held that this denial was not an invalid preclosure denial, because ORS 656.005(7)(a) now allows such denials. As we held in *United Airlines, Inc. v. Brown*, 127 Or App 253, 873 P2d 326 (1994), ORS 656.005(7)(a)(B) does not provide a procedural mechanism for the denial of an accepted claim. The Board must reconsider its order regarding the denial in light of that decision.

Reversed and remanded with instructions to reinstate the order on reconsideration dated July 9, 1991, and for reconsideration of the July 2, 1991, denial.