Argued and submitted May 22, affirmed July 2, 1997

In the Matter of the Compensation of
Marianne L. Sheridan, Claimant.

Marianne L. SHERIDAN,
*Petitioner,*

*v.*

JOHNSON CREEK MARKET
and United Employers Insurance,
*Respondents.*

(WCB No. 91-09220; CA A93251)

941 P2d 1063

Donald M. Hooton argued the cause and filed the brief for petitioner.

Karen O'Kasey argued the cause for respondents. With her on the brief was Schwabe, Williamson & Wyatt.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Claimant seeks review of an order of the Workers' Compensation Board on remand upholding employer's July 2, 1991, denial of an elbow condition. For the following reasons, we affirm.

On July 9, 1990, claimant fell at work and struck her right elbow. An x-ray revealed a free body lying in the anterior and lateral aspect of claimant's elbow joint. She filed a workers' compensation claim for "chipped bone," and employer accepted the claim. In August 1990, claimant's attending physician, Dr. Wade, performed surgery to remove the free body from the elbow joint. On November 26, 1990, Dr. Wade examined claimant and determined that she had normal ranges of motion in her elbow and that the bony architecture of the elbow was normal. Dr. Wade determined that claimant was medically stationary and released her for work. Because claimant did not feel able to return to work, she consulted Dr. Berselli on November 28, 1990. In January 1991, Dr. Berselli ordered an MRI, which revealed an irregularity of the articular surface of the olecranon in an area that was the donor site of the free body that had been removed from claimant's elbow in August 1990. In March 1991, an arthroscopy of claimant's elbow revealed reactive synovitis in the elbow joint. Meanwhile insurer had issued a notice of claim closure, based on Dr. Wade's report that claimant was medically stationary.[1]

Claimant challenged the closure of her claim, arguing that she was not medically stationary and that the closure had been premature. Claimant asserted that her need for treatment after November 1990 was exclusively due to the July 1990 accident at work. Employer responded that the

---

[1] Claimant requested reconsideration of that closure, and the Appellate Review Unit (ARU) subsequently rescinded the notice of closure on the ground that the closure had been premature. The ARU later withdrew its order rescinding the notice of closure on the ground that it lacked jurisdiction. Those procedural matters were at issue in *Sheridan v. Johnson Creek Market*, 127 Or App 259, 873 P2d 328 (1994). Subsequently, the Board determined that the denial was procedurally proper due to legislative amendment of the relevant statutes. Those issues are not before this court on judicial review.

closure was not premature because claimant had been determined to be medically stationary in November 1990, and that her subsequent need for medical treatment was due to a preexisting condition and not due to the July 1990 accident. The referee determined that the causation of claimant's need for treatment after November 1990 was a complex medical issue that must be proved by expert medical opinion. Thus, the referee turned to the medical evaluations of claimant by Dr. Wade and Dr. Berselli.

Dr. Wade was of the opinion that the free body that he removed from claimant's elbow joint was the result of an older injury but that the July 1990 accident had shifted it into the area from which it was later removed. His opinion was based on his observation of the free body and of claimant's elbow during surgery, as well as the later MRI results and arthroscopy. Dr. Wade also indicated that, during the August 1990 surgery, he had found no cartilage damage or arthritic conditions at the elbow joint. Dr. Berselli was of the opinion that the free body taken from the elbow joint was the result of a fracture that had occurred at the time of the July 1990 injury.

The referee determined that the free body preexisted the July 1990 work injury, but that the injury caused the free body to become symptomatic. The referee further found that the symptoms caused by the free body were resolved by November 1990, when Dr. Wade declared claimant to be medically stationary. The referee determined that claimant's subsequent need for medical treatment was due to cartilage damage or arthritic conditions that were caused in major part by her preexisting free body condition, not by the work injury. The referee gave more weight to Dr. Wade's medical opinion than to the opinion of Dr. Berselli; Dr. Wade had had the opportunity to examine the elbow nearer the time of the 1990 work injury and to examine the free body removed from the elbow, which did not appear to be the result of a recent injury. The referee determined that denial should be affirmed. The Board adopted the referee's factual findings and ultimately determined that claimant's compensable injury had combined with a preexisting condition—the free body that had resulted from an earlier fracture—and that claimant therefore needed to demonstrate that the work

injury was the major contributing cause of her need for treatment of the combined condition. ORS 656.005(7)(a)(B). The Board therefore affirmed the referee's order.

██ ██    On judicial review, claimant argues that, because employer originally accepted a condition that was described as "chipped bone," its subsequent denial was an impermissible denial of a claim that it previously had accepted. Employer points out that claimant did not make this argument to the referee or the Board. The record does not show that claimant made any argument before the referee or the Board that employer was impermissibly trying to limit its acceptance of her condition. On judicial review, claimant notes that the Board never examined the scope of the acceptance. That is true. However, given that the record does not indicate that claimant requested the Board to do so, the Board did not err. Claimant's arguments below were that her elbow condition, both before claim closure in November 1990 and after, were caused exclusively by the July 9, 1990, injury. She did not argue that employer was responsible because its acceptance had encompassed the preexisting condition; her argument was that there *was* no preexisting condition. Arguments not raised in an administrative forum will not be considered on judicial review unless they concern errors apparent on the face of the record. *Kessler v. Board of Parole*, 145 Or App 584, 590, 931 P2d 801 (1997). No error is apparent on the face of the record. Claimant's arguments concerning the scope of employer's acceptance are not preserved, and we therefore will not consider them on appeal. ORAP 5.45(2).

Claimant argues that the causation of her elbow condition "is irrelevant when the real issue is what the insurer in fact initially accepted." Thus, claimant does not question whether substantial evidence supports the Board's conclusion that claimant's July 1990 injury was not the major contributing cause for her need for treatment after November 1990, and we do not address that issue.

Affirmed.