Argued and submitted May 7, 2014, affirmed June 3, 2015

In the Matter of the Compensation of
Gaylen J. Kiltow, Claimant.

Gaylen J. KILTOW,
*Petitioner,*

*v.*

SAIF CORPORATION
and Portland Disposal & Recycling, Inc.,
*Respondents.*

Workers' Compensation Board
1103049; A152007

351 P3d 786

Ronald A. Fontana argued the cause for petitioner. With him on the briefs was Ronald A. Fontana, P.C.

Julie Masters argued the cause and filed the brief for respondents.

Before Duncan, Presiding Judge, and Egan, Judge, and Lagesen, Judge.*

EGAN, J.

---

* Egan, J., *vice* Wollheim, S. J.

## EGAN, J.

Claimant seeks review of an order of the Workers' Compensation Board (the board). Claimant was injured at work and the employer's insurer, SAIF Corporation, accepted a claim for a combined condition—a work-related foot injury and preexisting diabetes. SAIF later denied the claim, asserting that claimant's work injury ceased to be the major contributing cause of his combined condition. Claimant successfully argued that his diabetes was not a preexisting condition that combined with his foot injury; rather, his was only a work-related foot injury. After a hearing, claimant obtained an ALJ order to that effect that became final. Regardless of that order, on reconsideration of the rating of claimant's permanent disability and his amount of compensation, the Appellate Review Unit of the Workers' Compensation Division of the Department of Consumer and Business Services (the ARU) determined that claimant's diabetes remained an accepted part of his claim. Subsequently, the board concluded that claimant's diabetes was not a part of his compensable injury. On judicial review, claimant now assigns error to the board's order, arguing that the board erred because—despite claimant's successful argument that his diabetes was not a preexisting condition—the resulting order of the ALJ did not have the effect of removing claimant's diabetes from the claim. Claimant also argues that the ARU's order precludes this court from reaching the merits of this case.[1] On that issue, SAIF responds that the ARU's order was not preclusive, because the ARU's determination is not the sort of determination that has a preclusive effect. We affirm.

Claimant's procedural arguments both present questions of law. We review the board's order for errors of law. *Liberty Northwest Ins. Corp. v. Stapleton*, 192 Or App 312, 314, 84 P3d 1116 (2004).

The facts are procedural. SAIF accepted claimant's claim as a combined condition—a "foot ulcer, plantar, left second metatarsal head area with subsequent cellulitis and

---

[1] Additionally, claimant argues that the board erred when it denied his petition for attorney fees. We reject that argument without discussion.

abscess formation combined with type II diabetes mellitus." Some months later, after determining that the work injury was no longer the primary cause of claimant's condition, SAIF issued a combined condition denial and closed the claim. At a hearing on that closure, claimant argued that his condition was not a combined condition because his diabetes was a "predisposition" not a "preexisting condition." ALJ Fulsher agreed and issued an order stating "[t]he denial * * * is set aside and the claim is remanded to SAIF for processing in accordance with the law." There was no appeal of ALJ Fulsher's order. In response, SAIF issued a modified notice of acceptance informing claimant that his claim remained "open and accepted for: [f]oot ulcer, plantar, left second metatarsal head area with subsequent cellulitis and abscess formation." Claimant took no action in response to the modified notice of acceptance.

Some months later, SAIF issued a new notice of closure. Claimant requested reconsideration, disputing the rating of his permanent disability and the amount of compensation. Irrespective of claimant's arguments and ALJ Fulsher's order, the ARU entered an order on reconsideration setting aside the notice of closure as premature, stating that "[i]t is noted [ALJ Fulsher's] Opinion and Order contains a discussion about the conditions not really combining; however, that discussion does not negate the fact that [SAIF] accepted the 'combined with type II diabetes mellitus' condition in this claim." Consequently, the ARU reasoned that SAIF was required to present evidence that claimant's diabetes was medically stationary before closing the claim. SAIF requested a hearing on the ARU's order on reconsideration, then withdrew the request and allowed the order to become final before issuing a new notice of closure that slightly increased claimant's whole person impairment and work disability awards. Claimant requested reconsideration of that notice of closure. The ARU issued a second order on reconsideration finding that closure was premature for the same reasons stated in its first order on reconsideration. SAIF requested a hearing on the ARU's second order on reconsideration.

At that hearing, claimant argued that the doctrine of issue preclusion prevented SAIF from relitigating whether

the ARU erred in its first order by including type II diabetes among the accepted conditions for which closing information was required. ALJ Rissberger ruled that issue preclusion did not apply and determined that SAIF complied with ALJ Fulsher's order when it issued the modified notice of acceptance. Claimant appealed that order to the board, and the board's order affirming ALJ Rissberger's order is now before us.

On judicial review, claimant argues that we cannot reach the merits of the question whether the claim was prematurely closed, nor could ALJ Rissberger or the board, because the ARU's first order on reconsideration became final when SAIF allowed the statutory period for challenging it to elapse and, therefore, issue preclusion bars any further consideration of whether claimant's type II diabetes is a part of the claim. Claimant also argues that issues decided in the ARU's first order on reconsideration are outside the scope of the board's review of the ARU's second order on reconsideration.[2] We conclude that issue preclusion does not apply to an order of the ARU rescinding a notice of closure as premature and that the merits of this case are within the scope of our review of the board's order.

"Issue preclusion arises in a subsequent proceeding when an issue of ultimate fact has been determined by a valid and final determination in a prior proceeding." *Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 103, 862 P2d 1293 (1993). The rules of issue preclusion apply to workers' compensation proceedings, where those rules "'facilitate prompt, orderly and fair problem resolution.'" *Drews v. EBI Companies*, 310 Or 134, 142, 795 P2d 531 (1990) (quoting *North Clackamas School Dist. v. White*, 305 Or 48, 52, 750 P2d 485, *modified*, 305 Or 468, 752 P2d 1210 (1988)). However, even a final determination is not conclusive when, by provision of a statute or valid rule of the body making the final determination, that determination does not bar

---

[2] Claimant submitted a memorandum of additional authorities raising, for the first time, the issue of claim preclusion. Claimant's identification of that new issue comes too late, *State v. Lobo*, 261 Or App 741, 747, 322 P3d 573, *rev den*, 355 Or 880 (2014) (noting that "a memorandum of additional authorities is not a proper vehicle in which to advance arguments that were not made in defendant's opening or reply briefs"), and we do not consider it.

another action or proceeding on the same transactional claim. *Id.* at 141.

In support of their respective arguments regarding issue preclusion, both SAIF and claimant rely on *Drews*. SAIF relies on *Drews* for the proposition that the ARU's order is not the sort of order to which courts give preclusive effect, and claimant relies on it for the proposition that final orders are preclusive. As we explain below, claimant's reliance is misplaced, because *Drews* holds that some orders, although "final," are not preclusive. The ARU's determination that closure is premature is just such an order.

In *Drews*, the claimant sustained a compensable injury in 1980. Following the injury, the employer reported a wage to the insurer that was less than the claimant's actual wage, and the insurer used that incorrect wage rate to calculate the claimant's total temporary disability payment (TTD). *Id.* at 136. A determination order awarding time loss issued in 1981. The claimant, who did not notice the discrepancy in wages, did not request a hearing. *Id.*

In 1984, the claimant sought benefits for an aggravation and had additional surgery. *Id.* The insurer denied the claim, but a referee issued an order holding that the requested surgery was compensable and awarding TTD for a period beginning after the new surgery and continuing to a particular end date. *Id.* at 137. A determination order issued on October 7, 1985, awarding TTD on the aggravation claim to a specific date. The claimant filed a request for hearing, seeking payment of additional TTD and increased permanent partial disability. *Id.* It was at that point that the claimant discovered that his employer had reported his wage incorrectly in 1980, and that his TTD payments in 1984 and 1985 were based on that incorrect wage report. The claimant notified the insurer, requesting payment at the proper rate, and amended his hearing request to include the issue of his wage rate. *Id.* At the hearing, the referee found that the 1984-85 wage rate was incorrect, and assessed a penalty against the insurer for not correcting the wage rate after receiving the claimant's notification of the error. *Id.* The insurer then requested reconsideration, and the referee

amended the order, removing the penalty after concluding that the issue of the claimant's wage rate was not before him, because that issue "could have been raised in [a] prior * * * hearing[.]" *Id.* The board affirmed the referee's order on reconsideration. *Id.* at 138.

On review, we reversed and remanded the board's order, reasoning that the board was not precluded from considering the wage issue in the context of the aggravation claim. *Drews v. EBI Companies*, 96 Or App 1, 4, 771 P2d 285 (1989). The Supreme Court affirmed our decision, holding that neither issue nor claim preclusion barred consideration of the wage issue with respect to the aggravation claim. *Drews*, 310 Or at 138. After establishing that the claim before the court was the claimant's 1984 claim for aggravation—not his 1980 injury claim—the court concluded that "no finality has yet been accorded the aggravation claim opened in 1984," because the October 7, 1985 order, which awarded TTD, and the subsequent decisions reviewing that order, "are but separate parts of the same aggravation claim, *i.e.*, the orders were entered in the same administrative proceeding now before us on judicial review" to which "[t]he finality required to invoke claim preclusion has not yet attached[.]" 310 Or at 149-50. However, the court noted that the claimant's 1980 injury claim was "closed and final" and concluded, therefore, that claim preclusion barred litigation of the claimant's wage rate used to calculate TTD on that claim. *Id.* at 150 n 13.

In reaching its conclusion, the Supreme Court reasoned that, although finality is a fundamental policy of the doctrines of claim and issue preclusion, some final determinations are not subject to preclusion:

> "Claim and issue preclusion rules are subject to a number of exceptions. One is relevant here. A final determination is not conclusive when, by provision of a statute or valid rule of the body making the final determination, that determination does not bar another action or proceeding on the same transactional claim."

*Id.* at 141 (citing *Restatement (Second) of Judgments* § 20(1)(c) (1982)); *see also Bruer's Contract v. Natl. Council on Comp. Ins.*, 116 Or App 485, 489, 841 P2d 690 (1992) (holding that

issue preclusion does not apply to workers' compensation insurance premium audits because the statutory scheme anticipates successive proceedings).

Before us now is claimant's 2008 claim for a compensable accidental injury.[3] Both the ARU's first and second orders on reconsideration set aside SAIF's notices of closure as premature. Under the statutory scheme, a premature notice necessarily requires a new closure. ORS 656.268(6)(a) ("only one reconsideration proceeding may be held on each notice of closure"). Consequently, an order setting aside a notice of closure as premature "does not bar another action or proceeding on the same transactional claim," and the doctrine of issue preclusion does not apply to such an order.[4] *Drews*, 310 Or at 141. It follows that, even if the ARU's first order on reconsideration became final, that order is not preclusive as to the effect of ALJ Fulsher's order on the scope of claimant's compensable injury, and the board did not commit legal error in so concluding.

We likewise reject claimant's argument that issues decided in the ARU's first order on reconsideration were outside the scope of the board's review of the ARU's second order on reconsideration. The ARU's second order on reconsideration—like its first—rescinded a notice of closure as premature. Therefore, the ARU's second order was but another step in the successive proceedings on claimant's compensable injury, and the issue carried forward to the board's order, which we now review. Consequently, the question of the effect of ALJ Fulsher's order on the scope of claimant's 2008 compensable injury is before us.

---

[3] The accidental injury, not the accepted condition, is the basis of compensable injury. *See Brown v. SAIF*, 262 Or App 640, 325 P3d 834, *rev allowed*, 356 Or 397 (2014) (so holding); ORS 656.005(7)(a) (defining "compensable injury").

[4] Claimant cites *Sheridan v. Johnson Creek Market*, 127 Or App 259, 873 P2d 328 (1994), for the proposition that "[w]hen a reconsideration order holding a notice of closure premature becomes final, neither the board nor the court can review the issues decided by the order." Defendant's proposition is incorrect because it is overbroad. *Sheridan* held that we are precluded from addressing the ARU's determination of attorney fees contained in an order on reconsideration that has become final. *Id.* at 265. A determination of attorney fees is not one that anticipates successive proceedings and, unlike a determination of premature closing, may be subject to issue preclusion. To the extent that *dicta* in *Sheridan* could be read otherwise, we reject that *dicta*.

On that issue, claimant argues that SAIF could not "simply delete claimant's diabetes from its acceptance, citing ORS 656.262(6)(a) (providing that an insurer may not revoke an accepted condition except for fraud, misrepresentation, or other illegal activity by the worker). SAIF responds that the board correctly upheld ALJ Fulsher's order deciding that claimant's diabetes was not a part of his compensable injury. We agree with SAIF and the board.

ORS 656.005(7)(a) provides:

"A 'compensable injury' is an accidental injury * * * arising out of and in the course of employment requiring medical services or resulting in disability or death; an injury is accidental if the result is an accident, whether or not due to accidental means, if it is established by medical evidence supported by objective findings, subject to the following limitations:

"* * * * *

"(B)   If an otherwise compensable injury combines at any time with a preexisting condition to cause or prolong disability or a need for treatment, the combined condition is compensable only if, so long as and to the extent that the otherwise compensable injury is the major contributing cause of the disability of the combined condition or the major contributing cause of the need for treatment of the combined condition."

The board concluded that SAIF processed the claim consistently with ALJ Fulsher's order, which concluded that claimant's diabetes was not a preexisting condition and remanded the claim to SAIF "for processing in accordance with the law." We agree with the board that the effect of ALJ Fulsher's order was that claimant's diabetes was not a component of his claim. ORS 656.005(7)(a)(B). Moreover, claimant does not argue, nor do we conclude, that claimant's diabetes arose out of and in the course of employment. ORS 656.005(7)(a)(A). Consequently, as a result of ALJ Fulsher's unchallenged order, claimant's diabetes is not a part of his claim.

As noted, citing ORS 656.262(6)(a), claimant argues that an insurer may not revoke an acceptance except for reasons not present here. We agree; however, SAIF did not

revoke acceptance of claimant's diabetes. SAIF complied with ALJ Fulsher's order that limited claimant's compensable injury by modifying its notice of acceptance. As the board noted, claimant could have challenged SAIF's modified notice of acceptance. ORS 656.262(6)(d); ORS 656.267. Unsurprisingly, claimant, who had just successfully argued that his diabetes was not a preexisting condition that combined with his work-related foot injury, did not challenge the modified notice of acceptance that accepted his foot injury as a stand-alone injury and not part of a combined injury.

In sum, the ARU's determination that the notice of closure was premature does not bar another proceeding on the same transactional claim, *Drews*, 310 Or at 141; in fact, such a determination contemplates it. ORS 656.268(6)(a). Consequently, we are not precluded, nor was the board, from reaching the merits of the question whether claimant's diabetes was properly considered part of a combined condition. On the merits, we conclude that the board did not err in concluding that ALJ Fulsher's order conclusively determined that claimant's diabetes is not a part of claimant's compensable injury.

Affirmed.