Argued and submitted September 11, 2015, affirmed March 29, 2017

Tobby A. STOLTZ,
*Petitioner,*

*v.*

LIBERTY NORTHWEST
INSURANCE CORPORATION
and Department of
Consumer and Business Services,
*Respondents.*

Department of Consumer and Business Services
1300021H; A155701

393 P3d 239

Julene M. Quinn argued the cause and filed the brief for petitioner.

Amie Fender argued the cause and filed the brief for respondent Liberty Northwest Insurance Corporation.

Denise Fjordbeck waived appearance for respondent Department of Consumer and Business Services.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

### ORTEGA, P. J.

In this workers' compensation case, claimant seeks judicial review of a final order by the Director of the Department of Consumer and Business Services (DCBS) denying claimant's request for attorney fees and penalties against insurer, Liberty Northwest (Liberty). Claimant sought sanctions after Liberty failed to timely deliver payment on his workers' compensation claim, which had been settled under a claim disposition agreement (CDA). Liberty contends, as it did below, that claimant is not entitled to attorney fees and penalties because he waived his right to them under ORS 656.236(1)(a) and the terms of the CDA.[1] Reviewing the final order for legal error, *Rash v. McKinstry Co.*, 331 Or 665, 667, 20 P3d 197 (2001), we affirm.

The relevant facts are mostly procedural and undisputed. In 2011, claimant suffered a compensable injury, which was settled through a CDA. Under the terms of that agreement, claimant was to receive a lump sum of $154,875, payment of which was to be "made no later than the fourteenth day after the [Workers' Compensation] Board mails notice of its approval of the agreement to the parties[.]" The board approved the CDA on January 9, 2013. Claimant did not receive the funds until February 7, 2013, several days after the 14-day deadline.

As a result, claimant sought penalties against Liberty under ORS 656.262(11)(a) for "failure to timely pay settlement proceeds."[2] The sanctions unit of the Workers' Compensation Division declined to impose penalties on Liberty under that statute, finding that Liberty did not unreasonably delay payment.

Claimant then sought a hearing on the matter before an administrative law judge (ALJ). At the hearing,

---

[1] ORS 656.236(1)(a) provides, in part:

"Unless otherwise specified, a disposition revolves all matters and all rights to compensation, attorney fees and penalties potentially arising out of claims, except medical services, regardless of the conditions stated in the agreement."

[2] ORS 656.262(11)(a) provides, in part, that an insurer is liable for a penalty of "up to 25 percent of the amounts then due plus any attorney fees assessed" if the insurer "unreasonably delays or unreasonably refuses to pay compensation."

Liberty asserted two arguments as to why attorney fees and penalties were not warranted. First, Liberty argued that claimant had waived his right to seek penalties under the terms of the CDA. Second, Liberty contended that it had not delayed payment. The ALJ rejected both arguments, concluding, in part, that claimant had not waived his right to seek penalties because a CDA only waives *future* benefits (*i.e.*, temporary and permanent disability, vocational benefits, and medical services), not benefits related to payment of the CDA itself. Further, the ALJ concluded that Liberty unreasonably failed to timely pay claimant's settlement award. Accordingly, the ALJ awarded attorney fees and penalties.

Liberty, in turn, requested that DCBS review the ALJ's order. The director reversed the order, concluding that, under ORS 656.236(1)(a) and the CDA, claimant had waived his right to request attorney fees and penalties for a delayed payment. In the final order, the director relied on ORS 656.236(1)(a) and the Supreme Court's interpretation of that statute in *Rash* to conclude that, as a matter of law, "a CDA waives all rights, other than to medical services, unless those rights are expressly reserved." Further, the director determined that, in this case, the CDA did not include language allowing claimant to retain the right to obtain attorney fees and penalties. The director did not determine whether the delay in payment of funds was reasonable.

On judicial review of the director's final order, claimant argues that the director erred by concluding that claimant "released his rights to hold [Liberty] liable for a penalty and attorney fee[s] for late payment of the compensation due under the CDA" where "[Liberty] failed to pay the compensation which formed the consideration of that settlement agreement[.]" He raises several arguments challenging the director's conclusion. First, claimant contends that ORS 656.236, the statute that governs CDAs generally, is silent about whether the right to enforce a CDA is waived through that same agreement. Claimant suggests that, under the workers' compensation statutory scheme, a CDA cannot be read as waiving the right to attorney fees and penalties because those are the only mechanisms for

enforcing the terms of a CDA.[3] Second, claimant argues that, under contract principles, claimant did not waive his right to enforce the terms of the CDA because Liberty failed to fully perform under the terms of the agreement. On that point, he argues that, because Liberty did not make a timely payment, waiver of his right to fees and sanctions was not "triggered." That is, claimant contends that he "is not considered to have released his rights to complain about the late payment, when [Liberty] *** breached the agreement by untimely payment." Finally, in claimant's view, if attorney fees and penalties are not allowed in this case, then he and others similarly situated have no way of enforcing prompt payment under a CDA.

For its part, Liberty contends that, under ORS 656.236(1)(a) and *Rash*, the director properly concluded that claimant had waived his right to demand penalties and attorney fees under the CDA. In particular, Liberty argues that, under ORS 656.236(1)(a), a CDA waives or resolves all matters that could arise out of a claim, not just those currently known to arise out of the claim. Accordingly, Liberty suggests that, because claimant's request for sanctions and attorney fees arose out of the very claim that was resolved in the CDA, that request is waived by the CDA. Further, Liberty contends that, under the CDA, claimant may still complain about a late payment; he is only precluded from collecting attorney fees and penalties.

At the outset, we reject claimant's second argument based on contract principles—that, due to Liberty's failure to fully perform the terms of the CDA by not making timely payment, waiver of the right to attorney fees and penalties was not triggered—because it is unpreserved. Although the issue of waiver was litigated below, claimant's argument based on the effect of Liberty's alleged breach of the CDA on claimant's release of his right to attorney fees and penalties was not. Because neither the ALJ nor the director had an opportunity consider those arguments, we do not address

---

[3] Claimant notes that there are two statutes, ORS 656.262(11)(a) and ORS 656.382(1), that provide statutory authority for attorney fees and penalties. Although we address only ORS 656.262(11)(a), the statute relied on by the ALJ and the director, we note that ORS 656.382(1) does not change the analysis for application of CDAs, and claimant makes no argument specific to that statute.

them. *See Thomas Creek Lumber v. Board of Forestry*, 188 Or App 10, 30, 69 P3d 1238 (2003) ("[P]reservation require-ments apply not only to appeals of trial court judgments but also to petitions for judicial review of agency action."); *Sheridan v. Johnson Creek Market*, 149 Or App 44, 48, 941 P2d 1063 (1997) ("Arguments not raised in an administra-tive forum will not be considered on judicial review unless they concern errors apparent on the face of the record.").

Thus, we focus our discussion on the issue of whether the director erred by concluding that claimant waived his right to seek attorney fees and penalties by settling his claim through a CDA. In doing so, we examine ORS 656.236(1)(a), the controlling statute, and the terms of the CDA at issue in this case, beginning with the former.

Once more, ORS 656.236(1)(a) provides, in part:

"Unless otherwise specified, *a disposition resolves all mat-ters and all rights to compensation, attorney fees and pen-alties potentially arising out of claims,* except medical ser-vices, regardless of the conditions stated in the agreement."

(Emphasis added.)

In this case, we must determine the legislature's intent as to the scope of the attorney fees and penalties resolved by that statute, turning first to the statutory text and context. *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). As part of that endeavor, we consider prior interpretations of the statute. *See Liberty Northwest Ins. Corp., Inc. v. Watkins*, 347 Or 687, 692, 227 P3d 1134 (2010) (citing *State v. Toevs*, 327 Or 525, 532, 964 P2d 1007 (1998)).

We first note that the relevant portion of the stat-ute at issue in this case provides that "a disposition resolves * * * all rights to * * * attorney fees and penalties potentially arising out of claims." ORS 656.236(1)(a); *Liberty Northwest Ins. Corp., Inc.*, 347 Or at 693 ("[T]he term 'attorney fees and penalties' also qualifies the word 'rights,' and is prop-erly read as 'all rights to * * * attorney fees and penalties potentially arising out of claims.'" (Omission in original.)). The meaning of "attorney fees and penalties" is unambigu-ous and not in dispute; the issue here concerns the scope of those fees and penalties. To address that issue, we must look

to the meaning of the word "all" and the phrase "potentially arising out of claims." Although we have not interpreted the meaning of those words as they relate to attorney fees and penalties specifically, the Supreme Court's interpretation of those terms in *Rash* is instructive.

In that case, the court considered whether, under ORS 656.236(1)(a), the insurer's statutory lien against a claimant's third-party recovery was resolved by a CDA. Analyzing the scope of the phrase "all matters * * * potentially arising out of claims," the court concluded that the "plain and unambiguous meaning of the word 'all' is 'every.'" *Rash*, 331 Or at 672 (citing *Webster's Third New Int'l Dictionary*, 55 (unabridged ed 1993)). Further, the court construed the word "all" broadly, noting that "the statute excludes only 'medical services' from the issues that a CDA resolves," which "demonstrates that the legislature knew how to prevent a CDA from resolving a particular issue." *Id.* The court then indicated that the "addition of the word 'potentially' means that a CDA resolves all matters that, *in the future*, could arise out of a claim, not merely the matters *currently known* to arise out of a claim." *Id.* at 673 (emphases added). The court ultimately concluded that the lien at issue was resolved by the CDA because it was a matter that arose from the same claim, reasoning that, "[b]ut for the claimant's filing of a claim, the lien [could not] arise." *Id.*

With that in mind, it follows that, under ORS 656.236(1)(a), a CDA resolves every right to attorney fees and penalties that, in the future, could arise out of a claim, not merely those currently known to arise out of a claim. We have previously understood *Rash* to stand for the proposition that a "claim" in this context refers specifically to a workers' compensation claim. *Dew v. City of Scappoose*, 208 Or App 121, 132, 145 P3d 198 (2006), *rev den*, 342 Or 416 (2007) (drawing a distinction between workers' compensation and tort claims). Thus, under such a broad interpretation, the type of attorney fees and penalties sought in this case are resolved under the statute given that, but for the filing and settlement of a workers' compensation claim under a CDA, attorney fees and penalties for delayed compensation under ORS 656.262(11)(a) cannot arise. That is, the delayed payment underlying the request for attorney fees and penalties

in this case arose from the same workers' compensation claim that was settled under the CDA and, as such, the fees and penalties are waived. The one exception provided for in the statute, which the Supreme Court has recognized, is for attorney fees related to a subsequent claim for medical services, which are not the type of attorney fees and penalties sought in this case. *See Liberty Northwest Ins. Corp., Inc.*, 347 Or at 693 (recognizing that exception).

However, that does not end our analysis. ORS 656.236(1)(a) provides, *"Unless otherwise specified,* a disposition resolves * * * all rights to * * * attorney fees and penalties potentially arising out of claims."* The phrase "[u]nless otherwise specified" plainly indicates that, although a CDA resolves all attorney fees and penalties that could arise out of a claim, the parties may, in the CDA, agree otherwise. *Cf. Rash*, 331 Or at 673 ("[A]s that lien was not mentioned in the parties' CDA, the lien was 'resolved,' or extinguished, by the CDA."). We use the regular rules of contract construction to determine the legal question of whether the CDA in this case otherwise provided for attorney fees and penalties. *See Trevitts v. Hoffman-Marmolejo*, 138 Or App 455, 459-60, 909 P2d 187 (1996).

Having reviewed the terms of the CDA in this case, we conclude that the CDA unambiguously waives claimant's right to attorney fees and penalties for late payment of compensation. The terms of the CDA closely mirror those of ORS 656.236(1)(a). Paragraph 12 of the CDA states, in part:

> "Pursuant to ORS 656.236, in consideration of the payment of $175,000.00 by the insurer/employer, *claimant releases all rights to all workers' compensation benefits allowed by law, including* temporary disability, permanent disability, vocational rehabilitation, aggravation rights to reopen claim*, attorney fees, penalties*, and survivor benefits *potentially arising out of this claim* and any subsequent claim for new medical conditions, **except for medical services, and penalties and attorney fees related thereto**, regardless of the condition(s) stated in this agreement."

(Emphases added; boldface in original.) Further, there is no provision in the CDA that expressly reserves claimant's right to attorney fees and penalties for delayed payment. We

note that there are provisions in the CDA that preserve both claimant's and Liberty's rights to other matters, suggesting that, had the parties intended to do so, the terms of the CDA would expressly preserve claimant's rights to attorney fees and penalties for delayed compensation.[4] In the absence of such terms, and given the unambiguous waiver provision, we conclude that claimant waived his rights to attorney fees and penalties for delayed payment of compensation under the terms of the CDA.[5]

Affirmed.

---

[4] For instance, Paragraph 12 of the CDA provides, in part:

"However, the parties expressly agree that the insurer/employer preserves its rights to the following: its third party rights under this claim, if any; recoupment of offsets or overpaid compensation; its civil remedies for recovery of benefits paid due to fraud or misrepresentation in this claim."

Paragraph 14, in turn, provides, "Claimant retains his right to medical services and his eligibility for Preferred Worker status for the compensable injury."

[5] Our conclusion is dispositive of our review of the director's final order; that is, we do not reach the question of whether Liberty unreasonably delayed payment.