Argued and submitted February 9, 2016, affirmed March 29, 2017

Eric J. GRAZIN,
*Petitioner,*

*v.*

ROCKFORD CORPORATION
and Department of Consumer and Business Services,
*Respondents.*

Department of Consumer and Business Services
1300084H; A157246

391 P3d 914

Julene M. Quinn argued the cause and filed the briefs for petitioner.

Jerald P. Keene argued the cause for respondent Rockford Corporation. With him on the brief was Oregon Workers' Compensation Institute, LLC.

Denise G. Fjordbeck, Assistant Attorney General, waived appearance for respondent Department of Consumer and Business Services.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Garrett, Judge.

## PER CURIAM

Claimant settled his workers' compensation claim, in part, through a claim disposition agreement (CDA) under ORS 656.236(1)(a). When the insurer, Liberty Northwest, delayed payment of compensation under the CDA, claimant sought attorney fees and penalties under ORS 656.262(11)(a). The Director of the Department of Consumer and Business Services ultimately denied claimant's request, concluding that, under ORS 656.236(1)(a), claimant waived his right to attorney fees and penalties because he did not expressly reserve that right in the CDA.[1]

On judicial review of the director's final order, claimant argues that ORS 656.236(1)(a) is silent on the issue of waiver of attorney fees and penalties under the circumstances presented here and that, in any event, he did not waive his right to fees and penalties under the CDA because the insurer breached that agreement by delaying compensation. In *Stoltz v. Liberty Northwest Ins. Corp.*, 284 Or App 575, 393 P3d 239 (2017), decided today, we rejected those identical arguments. In that case, we concluded that, under ORS 656.236(1)(a), a claimant who settles a claim through a CDA waives the right to seek attorney fees and penalties for delayed compensation unless that right is reserved in the CDA. *Id.* at 580-81. Because claimant in this case did not reserve his right to seek attorney fees and penalties in the CDA, that right was waived under the statute.

Affirmed.

---

[1] ORS 656.236(1)(a) provides, in part:

"Unless otherwise specified, a disposition resolves all matters and all rights to compensation, attorney fees and penalties potentially arising out of claims, except medical services, regardless of the conditions stated in the agreement."